**Samuel Ervin OLIVER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-85-132-CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1986.

Zachry, Kearney, Hill, Shaw, Beatty & Butcher and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Betty Stanton, Asst. Dist. Atty., Fort Worth, for appellee.

Before BURDOCK, HILL and W.A. HUGHES, Jr. (Retired, Sitting by Assignment), JJ.

### OPINION ON MOTION FOR REHEARING

HILL, Justice.

On motion for rehearing, the State contends that Oliver's objection to admission of the knife was based solely on constitutional grounds and not on his rights under the Texas Code of Criminal Procedure. An examination of the record reflects that Oliver did invoke his rights under the Texas Code of Criminal Procedure when objecting to the admission of the knife.

 The State urges that we erred in failing to apply the "inevitable discovery" rule, relying on opinions which hold that confessions taken subsequent to an unlawful arrest may be admitted despite TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 1979), when the facts of the case show that the taint of the unlawful arrest has

been overcome. In this case the arrest constituted the only justification for the search, and was conducted contemporaneously with it. The taint of any illegal arrest was not overcome. We do not view these opinions as authority for the State's assertion that it is not error to admit illegally obtained evidence which does not fall within the constitutional exclusionary rule.

■ The State urges that Oliver waived the production of the traffic warrant by not specifically requesting it. The State's burden to produce the arrest warrant and supporting affidavit arose when Oliver objected to the evidence obtained as a result of the search incident to the warrant. Since the burden to present the warrant and affidavit was occasioned by Oliver's objection to the fruit of the search, we do not find any basis for determining that he waived its production.

■ For the first time on rehearing, the State contends that Oliver lacked standing to contest the validity of the search. It was Oliver's burden to establish a sufficient relationship between himself and the vehicle he was driving to establish a reasonable expectation of privacy. *Wilson v. State,* 692 S.W.2d 661 (Tex.Crim.App.1985). The State may raise the issue for the first time on appeal. *Id.* At trial the undisputed evidence showed that Oliver was at Cadillac's bar on the occasion in question and that his beige Camaro was parked in the bar's parking lot prior to his arrest. Oliver was seen leaving the bar's parking lot in a light-colored Camaro, the same vehicle he was driving when arrested and the vehicle which was searched. There was, on the other hand, no evidence to indicate that the vehicle searched did not belong to Oliver. We find Oliver met his burden of proof to show his standing to object to any violation of his rights under the fourth amendment and under TEX. CODE CRIM. PROC. ANN. art. 38.23.

The State's motion for rehearing is overruled.