**Allen Derrwood DEES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–135–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 11, 1986.

Ava Ganem Vasques, Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

## OPINION

UTTER, Justice.

The trial court found appellant guilty of unlawfully possessing a controlled substance of more than four hundred grams and assessed punishment at 40 years in the Texas Department of Corrections and a fine of $10,000. We reverse the judgment of the trial court.

Appellant, in essence, raises two issues in eight grounds of error. In his first four

grounds, he contends that the affidavits supporting the search warrant were fatally defective and therefore the magistrate did not have probable cause to issue the search warrant. The search, conducted pursuant to the warrant, produced the controlled substance supporting the conviction.

The record contains two documents relevant to appellant's grounds of error. The first is titled "Affidavit for Search and Arrest Warrant." The second is titled "Affidavit/Warrant for Search and Arrest." The first document was typed by Sheriff Jim Hodges on the morning of October 18, 1983. Later that morning, Hodges took the document to Justice of the Peace Gary Bourland's office. Bourland said that he wanted to study the affidavit before deciding whether to issue a search warrant. Around noon, Bourland telephoned Hodges and told him that he would issue a warrant. Bourland instructed Hodges to prepare a search warrant and bring it to his office for his signature. Using a form, Sheriff Hodges typed the second document and took it to Bourland. The second document included an affidavit containing less detail than the first. Bourland signed the second document which authorized the search, but he testified at the suppression hearing that he issued the warrant based on the information contained in the first affidavit.

Prior to trial, appellant filed a motion to suppress the evidence seized as a fruit of the search. His motion appears directed to the sufficiency only of the second document. His motion alleges that the affidavit for search warrant completely "fails to comply with the test set out in *Aguilar*, and shows no probable cause for issuance of said warrant." Except for the reference to *Aguilar*, which appears to invoke federal constitutional standards, appellant's motion fails to state whether it is based on the United States Constitution, the Texas Constitution, or State statute. Appellant's objections at the suppression hearing seem to invoke federal constitutional standards as to the probable cause allegations in the affidavits, and the Texas Code of Criminal Procedure as to the procedural or technical requirements of the first affidavit. Based on *Samuel v. State*, 688 S.W.2d 492 (Tex. Crim.App.1985), however, we find that appellant's objection, however inarticulate, raises a challenge to the admissibility of the seized controlled substances under both federal and state law.[1]

In appellant's first ground of error he complains that the trial court improperly admitted testimony from Hodges and Bourland relating to the events surrounding the acquisition of the search warrant.

■ Under federal constitutional law, the insufficiency of an affidavit supporting a search warrant is not grounds for excluding seized evidence if the police acted in good faith on a duly issued warrant. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Nikrasch v. State*, 698 S.W.2d 443 (Tex.App.—Dallas 1985, no pet.); *Ware v. State*, 685 S.W.2d 442 (Tex.App.—Eastland 1985, pet. granted); *Adams v. State*, 683 S.W.2d 525 (Tex. App.—Dallas 1984, pet. ref'd). The evidence adduced at the hearing on the motion to suppress is clearly sufficient to establish that Sheriff Hodges acted in good faith. Because appellant invoked federal constitutional law, and good faith is relevant under the United States Constitution to determine whether the exclusionary rule is to be applied, the trial court did not err in admitting and considering the testimony of Hodges and Bourland. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant challenges the admissibility of the first affidavit. This affidavit also was admissi-

---

**1.** Appellant made several oral objections during the motion to suppress hearing. "It fails to comply with Article 18 of the Code of Criminal Procedure dealing with search warrants and affidavits.... And further it doesn't comply with Aguilar, Spinelli, DeWitt versus New Hampshire, ... it fails to set out probable cause, and it isn't material. There is no search warrant, there is no return, no notice, nothing but a single page." "We object to the search, or anything that was found as a result of the search, on the basis that the affidavit and search warrant themselves failed to comply with the rules of law."

ble to establish the good faith of Sheriff Hodges. The trial court did not err in admitting and considering it. Appellant's second ground of error is overruled.

In his third and fourth grounds of error, appellant contends that the evidence seized as a result of the search should have been excluded because the search warrant was defective, it being issued on less than probable cause. In his appellate brief, appellant raises both state and federal grounds in the same grounds of error. The Court of Criminal Appeals has recently spoken to the fate which may befall an appellant who briefs in this manner:

> In his brief before the Court of Appeals and this Court, appellant provided several constitutional bases for each ground of error and review. Attorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide substantial analysis or argument on each separate ground. If sufficient distinction between state and federal constitutional ground is not provided by counsel, this Court may overrule the ground as multifarious.

*McCambridge v. State,* 712 S.W.2d 499 (Tex.Crim.App.1986) (not yet reported).

█ Nonetheless, we may address each issue and we now exercise our discretion to do so. Under the federal constitution, the evidence was properly admitted at trial because the federal exclusionary rule does not prevent the admission of evidence seized pursuant to a search warrant if the officer acted in good faith. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). As noted above, the record clearly established the good faith of Sheriff Hodges. The evidence was not barred by the federal exclusionary rule.

█ Article 1, Section 9 of the Texas Constitution does not provide for the exclusion of illegally seized evidence. *See Welchek v. State,* 93 Tex.Cr.R. 271, 247 S.W. 524 (1923); *Rippey v. State,* 86 Tex.Cr.R. 539, 219 S.W. 463 (1920).

The Texas statutory exclusionary rule, TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979), provides that:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

As stated by Judge Clinton in his concurring opinion in *Brown v. State,* 657 S.W.2d 797 (Tex.Crim.App.1983):

> As originally introduced the bill that became Article 727a excluded evidence obtained in violation of the Constitution or laws of the State of Texas and, concomitantly, its emergency clause declared "that there has been used against citizens of this state evidence obtained in violation of the Constitution of the State of Texas and that there is now no statute expressly forbiding the same ..." By amendment after "Texas" was inserted the words "or of the United States of America." Thus, as finally enacted, the statutory exclusionary rule required Texas Courts to hold inadmissible any evidence obtained in violation of State or Federal Constitutions or laws.

The Texas statutory exclusionary rule has not been altered by recent federal constitutional re-interpretation.

As recently noted by the Fort Worth Court of Appeals, the statutory provisions of article 38.23 go beyond the requirement of the Federal Constitution. *Simpson v. State,* 709 S.W.2d 797 (Tex.App.—Fort Worth 1986, no pet.).

In a similar case, the Fort Worth Court of Appeals held that the "independent source" and "inevitable discovery" exceptions to the judicially articulated exclusionary rule were inapplicable to the statutory exclusionary rule in Texas. The Court stated:

> In this case we are dealing with art. 38.23 of the Texas Code of Criminal Procedure. The article by its terms clearly excludes the admission of any evidence which has been illegally obtained. The

article contains no exceptions to the rule. If there should be exception to the rule, similar to the exceptions which have been recently made to the exclusionary rule, such a change should come by way of amendment to art. 38.23, not by our ruling that the evidence is admissible in direct contradiction to the plain wording of the statute.

*Oliver v. State,* 711 S.W.2d 442, 445 (Tex. App.—Fort Worth 1986, no pet.), 716 S.W.2d 742 (State's Motion for Rehearing Overruled).

The same logic could well be applied to the State's proposed "good faith" exception to the Texas exclusionary statute.

In *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Crim.App.1981), the Court of Criminal Appeals noted three "commonly advanced exceptions to the [judicially created] exclusionary rule include the "independent source," "inevitable discovery," and "attentuation doctrines." Obviously, the "good faith" exception is now a fourth. The Court in *Vanderbilt* did not mention and presumably did not address the issue of judicial exceptions to the statutory exclusionary rule. However, in *Bell v. State,* No. 68,989 (Tex.Crim.App.—March 19, 1986) the Court of Criminal Appeals permitted the admission of evidence under an "attentuation" exception despite art. 38.23. *See also Self v. State,* 709 S.W.2d 662 (Tex.Crim.App.1986). However, evidence obtained through an attentuation of previous taint may well be beyond the contemplated perimeters of art. 38.23, while evidence seized without probable cause is not.

We believe the evidence seized is subject to the statutory exclusionary rule and we review the affidavits supporting the search warrant. The issuance of search warrants is governed by Article 18.01, TEX.CODE CRIM.PROC., which provides in part as follows:

(b) No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substan-

tial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed.

The first affidavit, the affidavit which Bourland testified he relied upon in issuing the warrant, states its probable cause basis as follows:

That on several occasions that I Jim Hodges and members of my sheriffs [sic] Dept. observed a known drug dealer to enter and exit the trailer house with drugs the last time on the night of Oct. 17th, 1983 at approx. 1:30 AM, because he delivered to my a gent [sic] severl [sic] ounces of methamhetamine [sic].

The second affidavit, which was a part of the search warrant, stated its probable cause basis as follows:

That a known drug dealer has made purchases from the above address under surivalnce [sic] of Jim Hodges Sheriff of Reugio [sic] County and Other Officers of his Department.

■ Although appellant's motion was based on *Aguilar v. State,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the proper standard for review is now a "totality of the circumstances" approach. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984); *Bellah v. State,* 653 S.W.2d 795 (Tex.Crim. App.1983). The task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. *See Eisenhauer v. State,* 678 S.W.2d 947, 952.

■ The first affidavit is ambiguous. It contains the conclusory phrase that a known drug dealer entered and exited appellant's house with drugs. There is nothing in the first affidavit to suggest that the known drug dealer obtained any drugs at appellant's house. There is nothing to suggest that the affiant personally observed the known drug dealer deliver metham-

phetamine to his agent, or how the affiant obtained this information. While observations reported to the affiant by other officers engaged in the investigation can constitute a reliable basis for issuing a warrant, *Gish v. State*, 606 S.W.2d 883 (Tex. Crim.App.1980), the affidavit here lacks any information as to whether the agent was a police officer involved in the investigation. From the information contained in the affidavit, there is nothing to indicate to the magistrate that any drugs were obtained from appellant's home. If the known drug dealer was acting as an informer, there is nothing to show his basis of knowledge and reliability or credibility. Although not necessarily required under *Illinois v. Gates*, these factors are "highly relevant" in determining the value of his report. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317.

■ The second affidavit contains fewer facts. Again, there is no information concerning the "known drug dealer." How the affiant knew that purchases were made is absent. When the purchases were made is unstated. Since facts attested to must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time, *Peltier v. State*, 626 S.W.2d 30 (Tex.Crim.App. 1981), the affidavit should have contained information as to when the purchases were made. This affidavit is conclusory and lacks facts from which a magistrate could have made an independent determination of probable cause. Under either affidavit, the magistrate did not have a substantial basis for concluding that probable cause existed. *See Schmidt v. State*, 659 S.W.2d 420 (Tex. Crim.App.1983).

■ Even assuming that we should consider both affidavits in support of the *search* warrant, *see Miller v. State*, No. 081–85 (Tex.Crim.App. Sept. 24, 1986), the combined information contained in the affidavits still falls short of that which would authorize the issuance of a search warrant.[2]

Assuming that the "known drug dealer" referred to in the second affidavit and who made "purchases from the above address" is the same "known drug dealer" referred to in the first affidavit, the combined affidavits still fail to show how affiant knew the "known drug dealer" obtained methamphetamine at the above address. The affidavits further fail to show (1) whether the methamphetamine delivered to his agent was obtained by the "known drug dealer" at the above address, (2) whether affiant obtained his information from other officers, (3) whether affiant obtained his information from the "known drug dealer" (in which case the reliability and credibility of the "known drug dealer" would be material), and (4) whether the "purchase made from the above address" included reference to the "known drug dealer's actions on the morning of October 17, 1983." *See generally Cassias v. State*, 719 S.W.2d 585 (Tex. Crim.App.1986).

The trial court should have suppressed the evidence under the Texas statutory exclusionary rule, Art. 38.23. Appellant's third and fourth grounds of error are sustained.

Appellant's fifth through eighth grounds of error concern the judgment and sentence. After trial to the court, appellant was found guilty "as charged in the indictment." The indictment, as drafted, alleged possession of methamphetamine, and, in paragraph two, possession of more than 400 grams of methamphetamine. The trial court assessed punishment at 40 years in the Texas Department of Corrections and a fine of $10,000. The trial court's original judgment states that appellant was found guilty of "UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE," and states the punishment as stated above.

The nunc pro tunc judgment states that appellant is guilty of "UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE TO–WIT METHAMPHETAMINE IN AN AMOUNT BY AGGREGATE WEIGHT, INCLUDING ANY ADULTERANTS AND DILUTANTS, OF

---

2. *Miller v. State* concerned multiple affidavits in support of an *arrest* warrant.

MORE THAN 400 GRAMS, as charged in the indictment." The judgment nunc pro tunc was entered eight days after the original judgment and on the same day that appellant gave notice of appeal. Appellant contends the trial court lacked the authority to enter the nunc pro tunc judgment at that time.

Appellant's contention is without merit. A trial court has the authority to enter a judgment nunc pro tunc prior to the filing of the appellate record in the appellate court. *Williams v. State*, 675 S.W.2d 754, 765 (Tex.Crim.App.1984); *Perkins v. State*, 505 S.W.2d 563, 564 (Tex. Crim.App.1974). The judgment nunc pro tunc was entered before the appellate record was filed in this Court.

Appellant also contends that the nunc pro tunc judgment was improper because it was made without notice to the appellant and without his presence. Recently, in *Homan v. Hughes*, 708 S.W.2d 449 (Tex.Crim.App.1986), the defendant made a similar contention, after the trial court entered a nunc pro tunc judgment changing the offense of which the defendant was convicted from robbery to aggravated robbery. The Court stated:

> Based upon the facts of this case, the trial court did not err, except in the "ex parte" nature of his action, in correcting the original order deferring adjudication of guilt to reflect the proper offense for which applicant's guilt was deferred.

The Court of Criminal Appeals, however, refused to order the trial court to hold a hearing in the defendant's presence terming such action a "useless task" since the trial court's nunc pro tunc judgment was proper in all other ways. *Homan v. Hughes*, 708 S.W.2d at 455. We, therefore, overrule appellant's sixth ground of error complaining of the ex parte nature of the nunc pro tunc judgment.

Appellant also contends that the punishment assessed exceeds that allowed for the offense. Appellant attempts to gain a reversal by arguing that he was not convicted of the aggravated offense, possession of more than 400 grams of methamphetamine. As in *Homan v. Hughes*, the punishment assessed by the trial court comports with the range of punishment for the offense stated in the judgment nunc pro tunc. Thus, the punishment does not exceed the range of punishment for the offense of which appellant was actually convicted. Appellant's fifth through eighth grounds of error are overruled.

The judgment of the trial court is REVERSED and the cause REMANDED.

## ORDER ON MOTION TO SET BAIL

### PER CURIAM.

On December 11, 1986, this Court reversed and remanded appellant's conviction for unlawfully possessing more than 400 grams of methamphetamine. Punishment for the offense was set at forty years in the Texas Department of Corrections and a fine of $10,000.00.

Pursuant to Tex.Code Crim.Proc. Ann. art. 44.04(h) (Vernon Supp.1987), appellant has filed a motion in this Court to set bail. Since the State has not yet filed a petition for discretionary review, this Court must set bail pending further appellate review. Appellant requests that bail be set at $5,000.00. The State responds that bail should be set at $100,000.00.

Considering the nature of the crime and the punishment assessed (forty years and a fine of $10,000.00), bail is set at $40,000.00. *See Ex parte Rubac*, 611 S.W.2d 848 (Tex.Crim.App.1981) (Appeal bond set at $25,000.00 where offense was possession of methamphetamine and punishment was assessed at ten years.); *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex. Crim.App.1980) (Pre-trial bail set at $50,-000.00) where offense was delivery of cocaine; *Ex parte Plumb*, 595 S.W.2d 544 (Tex.Crim.App.1980) (Pre-trial bail set at $50,000.00 where offense was possession, delivery, and manufacture of methamphetamine).

Bail is set at $40,000.00.