Richard Lynn CREEKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–00429–CR.

Court of Appeals of Texas,
Dallas.

April 8, 1991.

Lawrence B. Mitchell, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before ROWE, LAGARDE and OVARD, JJ.

OPINION

LAGARDE, Justice.

Appellant Richard Lynn Creeks appeals from a judgment nunc pro tunc that added a recitation of a deadly weapon finding to a judgment rendered two years earlier by which Creeks was convicted of murder and sentenced to seventy-five years' confinement. Creeks raises two points on appeal asserting that the trial court erred in: (1) conducting the hearing on the State's motion for judgment nunc pro tunc without his being present; and (2) entering its judgment nunc pro tunc. We overrule both of Creeks's points and, accordingly, affirm the judgment nunc pro tunc of the trial court.

## PROCEDURAL HISTORY

A jury found Creeks guilty of murder and assessed his punishment at seventy-five years' confinement. Judgment was entered on January 6, 1988. Creeks appealed from this judgment at which time the State brought to this Court's attention the fact that the judgment contained a clerical error and asked this Court to reform the judgment to include the jury's affirmative finding that Creeks used a deadly weapon to commit the murder. This Court affirmed Creeks's conviction but refused the State's request on the ground that the State had waived reformation by not first seeking such relief in the trial court. *Creeks v. State*, 773 S.W.2d 334, 336 (Tex. App.—Dallas 1989, pet. ref'd). Accordingly, on March 9, 1990, after this Court's mandate issued, the State moved the trial court to enter judgment nunc pro tunc to correct the clerical error. After giving notice to all parties, the trial court conducted a hearing on March 22, 1990, at which counsel for Creeks appeared and opposed the State's motion. Prior to the hearing, Creeks's counsel objected to the hearing being held without Creeks being personally present. The trial court overruled the objection, took judicial notice of court documents, granted the State's motion, and entered a judgment nunc pro tunc which recited the jury's affirmative finding that Creeks used a deadly weapon in the commission of the offense. Creeks now appeals from that March 22, 1990 judgment nunc pro tunc. This Court has previously found that we do have jurisdiction over this appeal and neither party is contesting this Court's jurisdiction.

## JUDGMENT NUNC PRO TUNC

■ We will address Creeks's points in reverse order. In his second point, Creeks contends that the trial court erred in entering its judgment nunc pro tunc. The function of a judgment nunc pro tunc is to have the court records correctly reflect a judgment actually rendered by the trial court, but which for some reason was not entered at the proper time. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980). A judgment nunc pro tunc may be used to correct clerical errors, but not judicial errors. *Id.* Creeks argues that the initial omission of the deadly weapon finding from the judgment was the result of judicial reasoning rather than a clerical error, and, therefore, may not be rectified by a judgment nunc pro tunc. Case law authority does not support Creeks's contention. The Court of Criminal Appeals has held that the failure to include a deadly weapon finding in the judgment where it is clear that the trier of fact did make such a finding constitutes a clerical error and not an error of judicial reasoning. *Ex Parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App. 1988); *see also Clark v. State*, 754 S.W.2d 499, 500–01 (Tex.App.—Fort Worth 1988, no pet.); *Curry v. State*, 720 S.W.2d 261, 263 (Tex.App.—Austin 1986, pet. ref'd). As in *Poe*, here the indictment alleged that Creeks committed the offense with a deadly weapon and the jury found Creeks guilty as charged in the indictment. Thus, the jury affirmatively found that Creeks used a deadly weapon in the commission of the murder. The omission of this finding from the initial judgment was merely a clerical error and the trial court properly entered a judgment nunc pro tunc to include this finding in the judgment in compliance with article 42.12, section 3g(a)(2) which requires that the trial court recite this finding in its judgment. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1991). Accordingly, we overrule Creeks's second point.

■ In his first point, Creeks argues that the trial court erred in conducting the hearing on the State's motion for judgment nunc pro tunc in his absence. The record in this case reflects that Creeks did receive advance notice of the hearing and that his counsel appeared at the hearing on his behalf. When a trial court enters a judgment nunc pro tunc that properly remedies a clerical error, holding a new hearing in the presence of Creeks would be a useless task because the outcome would not change. *Homan v. Hughes*, 708 S.W.2d 449, 454–55 (Tex.Crim.App.1986, orig. proceeding); *Dees v. State*, 722 S.W.2d 209, 216 (Tex.App.—Corpus Christi 1986, pet.

ref'd). Further, because the judgment nunc pro tunc remedied a mere clerical error, Creeks suffered no harm from being absent from the hearing. *See McGinnis v. State*, 664 S.W.2d 769, 771 (Tex.App.—Amarillo 1983, no pet.). Accordingly, we overrule Creeks's first point.

The trial court's judgment nunc pro tunc is affirmed.