ACCEPTED
01-14-00832-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/22/2015 7:55:37 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-14-00832-CR**

IN THE

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/22/2015 7:55:37 PM

CHRISTOPHER A. PRINE
Clerk

# COURT OF APPEALS
FOR THE

## FIRST DISTRICT OF TEXAS
AT HOUSTON

_____

## JOSEPH DARYL MATHIS
*Appellant*

v.

## THE STATE OF TEXAS
*Appellee*

_____

APPEAL IN CAUSE NO. 1173963
in the 183rd District Court of
Harris County, Texas

_____

## APPELLANT'S BRIEF

_____

JUAN M. CONTRERAS, JR.
102 S. LOCKWOOD
HOUSTON, TEXAS 77011
(713) 926-4604
FAX : 713/ 926-0373
ATTORNEY FOR APPELLANT
lsprof4@aol.com

**ORAL ARGUMENT WAIVED**

1

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex.R.App.P. 75, Appellant waives oral argument since the facts and legal arguments are presented adequately in the record and briefs, and the decisional process would not be aided significantly by oral argument.

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 74(a), a complete list of the names of all interested parties is provided below so that members of the Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for State:                      JOSEPH MATTHEW SANCHEZ
Appellant or criminal defendant:    JOSEPH DARYL MATHIS
Counsel at trial:                     ENRIQUE C. RAMIREZ
Counsel on appeal:               JUAN M. CONTRERAS, JR.
Trial Judge:                        VANESSA VELASQUEZ

# TABLE OF CONTENTS

**PAGE**

IDENTIFICATION OF THE PARTIES……………………………… 3

TABLE OF CONTENTS …………………………………....……. 4

INDEX OF AUTHORITIES ……………….………………… 5

PRELIMINARY STATEMENT ……..…………………………. 6

STATEMENT OF FACTS …..………………………………… 7

POINT OF ERROR NUMBER ONE …………………………... 8

ARGUMENT ……………………………………………………. 8

CONCLUSION AND PRAYER FOR RELIEF …………………… 11

CERTIFICATE OF SERVICE …………………………………..... 12

# INDEX OF AUTHORITIES

**Cases**                                           **Page**

**State**

*Bigley v. State*, 865 S.W.2d 26 (Tex.Crim.App. 1993).................. 10

*Campos v. State*, 927 S.W.2d 232 (Tex.App.-Waco 1996)............ 10

*Creeks v. State*, 807 S.W.2d 853 (Tex.App.-Dallas 1991)............. 10

*French v. State*, 830 S.W.2d 607 (Tex.Crim.App, 1992)............... 10

**Statutes**

TEX.R.APP. P. 80……………………………………………… 10

**TO THE HONORABLE COURT OF APPEALS:**

## PRELIMINARY STATEMENT

Appellant was charged by indictment with Aggravated Assault - Public Servant. (CR 13). Appellant pled "Guilty" to the indictment and the trial court deferred entering a finding of guilt and placed Appellant on community supervision for a term of five years. (CR 66). Prior to the end of the probationary term, the State moved to adjudicate Appellant's guilt. (CR 83, 92, 97, 101).

Appellant plead "Not True" to the allegations contained in the State's motion. (CR 144). Following a hearing, the trial court revoked Appellant's community supervision, found him guilty of Aggravated Assault - Public Servant and assessed his punishment at 7 years confinement in the Texas Department of Criminal Justice - Institutional Division. (CR 113; 2 RR 53). It is from this conviction that he appeals as an indigent. (CR 133). Appellant timely filed written Notice of Appeal. (CR 120).

## STATEMENT OF FACTS

Susan Taylor was the supervision officer for Appellant. (2 RR 8). Appellant was placed on deferred adjudication on August 6, 2010 for 5 years. (2 RR 8-9). There were amendments to the conditions waiving fees and adding jail therapy twice. (2 RR 10). Appellant was admonished by the Court on December 4, 2013. (2 RR 11). Appellant was required to report twice a month. (2 RR 12). Appellant was instructed to report on January 14, 2014, but called in to inform the officer he had a stomach virus. (2 RR 14). Appellant was rescheduled for January 23, 2014, but did not report. (2 RR 15). Appellant was again rescheduled for January 27, 2014, but did not report. (2 RR 18).

Ms. Taylor mailed a letter to Appellant instructing him to report on February 3, 2014 at 8:30 a.m. (2 RR 19-20). Appellant did not report. (2 RR 20). Appellant did not provide proof of job searches. (2 RR 23). Appellant did not have the assessment performed at MHMRA. (2 RR 26).

Shawn Ticer is the court liaison officer who filed the motion to adjudicate. (2 RR 29). The court admitted the motion to adjudicate into evidence. (2 RR 31). Appellant was ill and therefore unable to report as required. (2 RR 34). Appellant worked for his sister's landscaping business for a couple months. (2 RR 37). Appellant never provided the job search form to the officer. (2 RR 38).

**POINT OF ERROR ONE**

**THE TRIAL COURT MISTAKENLY ENTERED A JUDGMENT THAT APPELLANT PLEAD "TRUE" TO THE ALLEGATIONS IN THE MOTION TO ADJUDICATE RATHER THAN "NOT TRUE"**

The judgment entered on September 12, 2014, states that Appellant entered a plea of "True" to the State's Motion to Adjudicate. (CR 113). However, it is clear from the docket sheet entry taken at the trial that Appellant had actually plead "Not True" and therefore the entry made in the judgment is in error. (CR 144).

Furthermore, although there does not appear to be a recording of Appellant's formal plea before the court in the court reporter's record, it seems apparent from the court's findings following the hearing that Appellant had actually plead "Not True" as indicated in the docket sheet:

(Open court, Defendant present, no jury)

THE COURT: All right. So, back on the record. Let the record reflect that at this time the Court finds that it is true that the Defendant did fail to report for office visits specifically on January 23rd of 2014, January 27th of 2014 and February 3rd, 2014. Further, the Court finds that the Defendant did then and there

8

violate the terms and conditions of his community supervision by failing to provide all attempts to secure employment at each office visit as ordered. And finally, the Court finds the paragraph regarding that the Defendant failed to comply fully with programs, rules, regulations and guidelines beginning August 6th, 2013, until successful completion, et cetera. I find that paragraph not true. That was not proved by the Prosecutor. So, that particular paragraph is not true. Additionally, the last paragraph of the Amended Motion to Adjudicate regarding the Defendant's failure to remain on prescription medication as directed by the Court, that's found not true. The Prosecutor did not prove that either. Mr. Mathis, please stand. At this time the Court -- having found that the aforesaid allegations are true, at this time I am adjudicating you. I find you guilty of this offense and assessing your punishment at seven years in the Institutional Division of the Texas Department of Corrections. I'll give you all of the credit that you have. I believe it's somewhere about 590 days in the Harris County jail. I'll give you credit for that. Good luck to you, sir. All right. Take him back.

(Proceedings adjourned)


(2 RR 52-53).

9

"An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention. *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App, 1992)(approving *Asberry v. State*, 813 S.W.2d at 531). The authority of the appellate courts to reform judgments is not limited to those situations involving mistakes of a clerical nature. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App. 1993); TEX.R.APP. P. 80." *Campos v. State*, 927 S.W.2d 232, 236-237 (Tex.App.-Waco 1996). Also *Creeks v. State*, 807 S.W.2d 853 (Tex.App.-Dallas 1991). It is therefore respectfully requested that this Court order the judgment be reformed to reflect Appellant's punishment proceedings as indicated by the docket sheet.

## CONCLUSION AND PRAYER FOR RELIEF

It is respectfully requested that the judgment be reformed to correct the error regarding Appellant's plea at trial.

Respectfully submitted,


_/S/ JUAN M. CONTRERAS, JR._
JUAN M. CONTRERAS, JR.
102 S. LOCKWOOD
HOUSTON, TEXAS 77011
(713) 926-4604
FAX : 713/ 926-0373
ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above brief has been delivered to the Harris County District Attorney's Office, Appellate Division, on this 22nd day of January, 2015.

_/S/ JUAN M. CONTRERAS, JR._____
Juan M. Contreras, Jr.
Attorney for Appellant

**Certification of Word Count**


This is to certify that the word count for the above document is 929.



_/S/ JUAN M. CONTRERAS, JR._
Juan M. Contreras, Jr.
Attorney for Appellant