**Maria Guadalupe ALVAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–149–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 12, 1988.

Rehearing Denied June 9, 1988.

Oscar B. McInnis, McAllen, for appellant.

Rene Guerra, Edinburg, for appellee.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

A jury convicted appellant Maria Guadalupe Alvarez of possession of marihuana and assessed punishment at 3 years imprisonment plus a $4,000.00 fine.[1] Appellant brings four points of error concerning evidentiary sufficiency, collateral estoppel, the admissibility of evidence procured under a search warrant, and the trial court's failure to grant a mistrial. We reverse and remand.

In October of 1985, Manuel Garcia of the McAllen Police Department initiated a narcotics investigation in Perezville, Texas, after receiving information from a confidential informant. After the investigation, Garcia applied for and obtained a warrant to search the residence of appellant's husband, Juan Alvarez.

Investigators from McAllen, Mission, and Hidalgo County entered the Alvarez residence and identified themselves to appellant. Officer Garcia testified that he first "made contact" with appellant as she was coming out of the master bedroom. Another lady and a small child were also present in the home.

After giving appellant a copy of the warrant, the police began their search. Their first discovery was a bag containing 12.21 ounces of marihuana inside a dresser drawer in the master bedroom. Upon encountering a locked door to a smaller bedroom, Officer Garcia asked appellant for the key, which she immediately obtained from a nearby shelf. Inside the "locked bedroom," the officers noticed a "strong odor of marihuana." Small bits of marihuana leaves were visible on the floor. Also found in the room were: 1) 2.4 ounces of marihuana in a bag on a dresser; 2) a scale; 3) a trash bag filled with bundles of Saran wrap containing marihuana residue; and 4) a marihuana stem inside a cardboard sewing box. A search of the kitchen area uncovered another 4.47 ounces of marihuana in a sack on top of the refrigerator. At that point, Officer Garcia arrested appellant for possession of a controlled substance.

Appellant's second point of error asserts that the evidence is insufficient to prove she was in possession of marihuana at the time and place in controversy.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The State must prove two elements in order to establish the unlawful possession of a controlled substance: 1) that the accused exercised care, control, and management over the contraband, and 2) that the accused knew the matter was contraband.[2] *Johnson v. State*, 658 S.W.2d 623 (Tex.Crim.App.1983); *Campos v. State*, 716 S.W.2d 584, 585 (Tex.App.—Corpus Christi 1986, no pet.). Appellant contends the evidence does not establish the first of these elements beyond a reasonable doubt.

At trial, Officer Garcia testified that it took appellant only a "split second" to obtain a key and open the "locked bedroom." Garcia and several other officers also stated that there was marihuana in plain view inside the room and that its odor was quite strong. This evidence is suffi-

---

1. Appellant was also indicted for possession of cocaine but was acquitted of this charge.

2. In the instant case, we find the evidence more than sufficient to show that the possessor of the substance knew it was marihuana. The pres-ence of scales, baggies, and cellophane wrapping certainly allowed the trier of fact to conclude that the substance was not ignorantly possessed. *See Herrera v. State*, 561 S.W.2d 175 (Tex.Crim.App.1978).

cient to support a rational jury's finding that appellant exercised care, control, and management over the marihuana.

Point of error two is overruled.

Appellant argues in her first point that the trial court erred in admitting the marihuana into evidence because the search and seizure were conducted under an invalid search warrant. She specifically argues that the affidavit supporting the warrant failed to state sufficient grounds upon which the magistrate could find probable cause to authorize a search of her residence.

The affidavit signed by Officer Garcia reads in pertinent part:

3. IT IS THE BELIEF OF AFFIANT, AND AFFIANT HEREBY CHARGES AND ACCUSES, THAT SAID SUSPECTED PARTY HAS POSSESSION OF AND IS CONCEALING AT SAID SUSPECTED PLACE THE FOLLOWING DESCRIBED PERSONAL PROPERTY, TO WIT: a usable amount of MARIHUANA in excess of 4 ounces which constitutes a felony offense as outlined in the Texas Controlled Substance Act and the Laws of the State of Texas.

4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT: On 10–26–85, Saturday, Narcotics Investigator Manuel E. Garcia (Affiant) initiated a narcotics investigation after receiving information from a Confidential Informant. The affiant is a license (sic) Texas Peace Officer with 5 years of law enforcement experience, 4 years as a narcotics investigator. Affiant is presently employed by McAllen Police Department. The Confidential Informant has been a good and reliable informant who has furnished the affiant with good and accurate information in the past on 2 previous occasions. The Confidential Informant wishes to remain anonymous for obvious security reasons. The affiant believes that the information received is true and correct due to the following facts:

1. That the Confidential Informant was present at the suspected house and personally observed a usable amount of MARIHUANA that was packaged in clear cellophane.

2. That the suspected party keeps large amount of MARIHUANA which he brings from Mexico by way of the river and keeps it at the suspected house for the sole purpose of selling it.

3. That the Confidential Informant has been present at the suspected place and has observed drug transactions take place involving the suspected party and drug traffickers from all parts of the valley.

4. That the suspected party brags about his MARIHUANA sale and how his drug deals attribute to building a nice home and drive nice vehicles.

5. The Confidential Informant further stated that within the past 48 hours the suspected party crossed a large amount of MARIHUANA and stored at the suspected place.

The general issue before us is whether, under the "totality of circumstances," the information in the affidavit provides a "substantial basis to support the magistrate's finding that a cautious man would be warranted in the belief that contraband would presently be found" on the suspected premises. *Cassias v. State,* 719 S.W.2d 585, 588 (Tex.Crim.App.1986); *see also Illinois v. Gates,* 462 U.S. 213, 231–32, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527 (1983).

■ Appellant contends that fact statements one through four in the affidavit are of no value in establishing probable cause because they do not reveal *when* the alleged activities of Juan Alvarez were observed by the informant.

The Court of Criminal Appeals, in *Sherlock v. State,* 632 S.W.2d 604, 608 (Tex. Crim.App.1982), said:

the right to issue a search warrant is dependent upon a sworn statement making clear the right to issue it. Such affidavit is inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective.

In *Heredia v. State*, 468 S.W.2d 833, 834 (Tex.Crim.App.1971), the affidavit supporting the search warrant recited that information "was received" from an informant, that the suspect "was in fact using and selling" heroin, and that the informant "had seen" addicts purchase heroin from the suspect. There were no recitations concerning when any of these occurrences took place. The Court held the affidavit was defective because it failed to disclose facts which would enable the magistrate to ascertain that the alleged events were "not so remote as to render [the warrant] ineffective." *Id.* at 835.

Similarly, in the case at bar, facts 1–4 contain no indication of the time at which the informant observed Juan Alvarez possess and sell marihuana at his residence. In fact, a fair reading would indicate that the events occurred some time in the past, prior to the 48–hour period mentioned in fact 5. Thus, these factual allegations are of no value in establishing probable cause. The remaining question, however, is whether fact 5 by itself will support the issuance of the search warrant.

█ The recitation that the alleged activity occurred "within the past 48 hours" is sufficient to satisfy the time requirement set forth in *Sherlock*. *See Garcia v. State*, 676 S.W.2d 202, 204 (Tex.App.–Corpus Christi, 1984, pet. ref'd). Appellant claims, however, that fact 5 does not contribute to a finding of probable cause because it is conclusory in nature and does not reveal the basis of the informant's knowledge.

In *Gates*, 462 U.S. at 239, 103 S.Ct. at 2332 the United States Supreme Court stated:

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, *including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information,* there is a fair probability that contraband or evidence of a crime will be found in a particular place." (emphasis added).

Here, the affidavit fails to indicate *how* the informant learned that Alvarez "crossed a large amount of marihuana" over the border and "stored" it at his residence. Nor is the statement corroborated by the affiant's observations or any other source of information.[3] Thus, we hold that the affidavit and warrant are invalid and that the trial court erroneously admitted the marihuana into evidence in violation of Texas law. *Dees v. State*, 722 S.W.2d 209 (Tex.App.—Corpus Christi 1986, no writ).

Point of error number one is sustained.[4]

In light of our disposition of point one, we will not address appellant's third and fourth points of error.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.

---

3. *Cf. Illinois v. Gates*, 462 U.S. at 245, 103 S.Ct. at 2335 (corroboration through other sources of information provides a substantial basis for crediting the hearsay); *Andrada v. State*, 695 S.W.2d 230 at 234 (Tex.App.1985) (facts obtained through independent investigation of affiant may suffice to corroborate an informant's tip).

4. We note that the recent "good faith" exception embodied in Tex.Code Crim.Proc.Ann. art. 38.-23(b) (Vernon Supp.1988) does not apply in the instant case since the marihuana was seized before the effective date of the amendment.