**134**

**Dennis Ray REED, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–279–CR.**

Court of Appeals of Texas,
Fort Worth.

June 6, 1990.

Roger D. Shipman, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., Gwinda Burns, Asst. Denton, for the State.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

OPINION

HILL, Justice.

Dennis Ray Reed appeals his conviction by a jury of the offense of aggravated possession of a controlled substance, methamphetamine, with the intent to manufacture. The jury assessed his punishment at sixty-eight years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. In a sole point of error, Reed asserts that the trial court erred by not suppressing evidence obtained by executing a search warrant that was invalid because the facts attested to were not so closely related in time to the issuance of the warrant so as to justify a finding of probable cause at the time the warrant was issued.

We affirm, because we find that considering the totality of the circumstances, there was probable cause to believe that the substance sought by the warrant was present at the premises at the time the warrant was issued.

■ In order to evaluate Reed's claim, we must determine if, under the totality of the circumstances, the magistrate issuing the search warrant had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527, 547 (1983). The affidavit in support of the warrant established the following facts:

1. Affiant contacted informant on January 19, 1989.

2. Dennis Reed lives on Henrietta Creek Road west of US 377 just south of Roanoke, Texas.

3. Reed had allowed two white males, one of whom is "clean cut" to use his residence for an "amphetamine cook" place.

4. The two males were using listening devices for security around the lab.

5. A small bonfire would be started in the backyard of the residence to mask the "cooking" odors.

6. Dennis Reed is approximately thirty-six years old and he has been arrested several times in the past years.

7. One of the unknown males involved in the "cook" was "J.D." or "J.T."

8. Vehicles at the residence were a maroon Lincoln Town Car, a black Kawasaki motorcycle, and a beige Toyota pickup with a sliding glass window in the rear with tinted windows.

9. Affiant called Roy Gray, the lessor of the property, on January 19, 1989.

10. Gray leased the property from the owner, Harold Stevens, in October 1988.

11. At that time Dennis Reed was already a tenant at the residence.

12. Address is Rt. 2, Henrietta Creek Road, Roanoke, Texas.

13. On January 19, 1989, affiant went there with Detective David Scott of the Denton Police Department.

14. There was a Lincoln Town Car there, with a Texas license plate # 581–VBD. It was parked to the rear of the residence.

15. A white male was stirring a stick around in a bonfire which was burning near the rear of the residence. The smoke from the bonfire was blowing directly across Henrietta Creek Road.

16. The white male stared incessantly at the officers, one of whom was the affiant.

17. The registered owner of the Lincoln was Budget Rent–a–Car in Grapevine.

18. Budget Rent–a–Car advised that the vehicle was rented in the name of James Currey, with Texas Drivers License # 09193365 on January 14, 1989, and that the vehicle was past due, having been due on January 16, 1989.

19. Texas Drivers License # 09193365 is issued to James Donald Currey, whose date of birth is June 5, 1961.

20. Currey had previous arrests for the violation of the Controlled Substance Act, the delivery of marijuana, and the possession of a controlled substance.

21. Currey is a well-known amphetamine cook in the Fort Worth area who is presently attempting to establish several "cool" places to cook amphetamine in rural areas.

22. Currey purchased Phenylacetic Acid, Sodium Acetate, and Acetic Anhydride on June 22, 1988.

23. Currey used the names of James, David, and "JD."

24. Persons involved in the cooking of amphetamine and methamphetamine often use listening devices for security around the amphetamine cook.

25. Bonfires are often started around the amphetamine cook to mask the "cooking" odors.

26. Persons involved in the cooking of amphetamines often used vehicles that are not registered in their names in order to avoid detection by police officers.

We hold that in view of these facts, the magistrate issuing the search warrant had a substantial basis for concluding that probable cause existed.

■ Reed argues that there was not probable cause for the warrant at the time it was issued because the informant the affiant relied upon for information did not say when he learned that Reed had allowed two white males to use the residence for an "amphetamine cook" place.

Reed places principal reliance upon the case of *Alvarez v. State*, 750 S.W.2d 889 (Tex.App.—Corpus Christi 1988, pet. ref'd). In *Alvarez*, a confidential informant told the affiant that the informant had observed marijuana on the premises, and made other statements about the storage of marijuana and drug transactions that took place at the premises to be searched, all without any reference as to time. The informant did state that marijuana was stored on the premises within the past forty-eight hours, but did not state the basis for the informant's information. The court held that the forty-eight hour statement by the informant met the requirement of showing probable cause as far as time is concerned, but that it was not sufficient to meet the totality of circumstances test of *Illinois v. Gates*, because it did not reveal the basis of

the informant's knowledge. The court held that the informant's other statements were of no value in establishing probable cause, because they contained no indication of time. *Id.* at 892.

We find *Alvarez* to be distinguishable because in that case there was no showing of any surveillance information that would indicate that the illegal activity was continuing at the time the warrant was issued. In this case the informant told the affiant, on the same date that the warrant was issued, that a small bonfire would be started in the backyard of the residence to mask the cooking odors of an amphetamine lab. Also on that same date, the affiant observed such a bonfire. Additionally, surveillance indicated the probable presence of an individual previously arrested for controlled substance violations. We hold that the information, taken together with the remaining information in the affidavit, constituted sufficient information to enable the magistrate to have a substantial basis for concluding that probable cause existed to believe that the contraband sought by the warrant would be present at the time that the warrant was issued. Thus, we overrule Reed's sole point of error.

The judgment is affirmed.