1654·14    1655·14

ORIGINAL

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

RODOLFO GONZALES,
PETITIONER,

V.

THE STATE OF TEXAS,
RESPONDENT.

---

PETITION IN CAUSE NO. 2012-435,536 & 2012-435,537, FROM THE
364TH JUDICIAL DISTRICT COURT OF LUBBOCK COUNTY, TEXAS,
AND CAUSE NO. 07-13-00268-CR AND 07-13-00269-CR
IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS

---

RODOLFO GONZALES'S

PETITION FOR DISCRETIONARY REVIEW

---

Rodolfo Gonzales # 1877624
Petitioner, Pro Se
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601
(325) 548-9035

FILED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

[ COVER SHEET ]

# TABLE OF CONTENTS:

TABLE OF CONTENTS ................................................ -i-

INDEX OF AUTHORITIES............................................. -ii-

LIBERAL SCRUTINY STATEMENT.......................................-iii-

STATEMENT REGARDING ORAL ARGUMENT................................ -iv-

STATEMENT OF THE CASE............................................ -iv-

PROCEDURAL HISTORY............................................... -iv-

STATEMENT OF FACTS.............................................. -1-

QUESTION PRESENTED FOR REVIEW:

> Did the Court of Appeals err in affirming Petitioner's convic-
> tion, by finding that a reasonable magistrate could conclude
> that there was a substantial basis for believing that probable
> cause existed that narcotics would be found at the residence
> in question, at the time the warrant was issued; thus, the
> trial court did not err in denying Petitioner's pre-trial
> Motion To Suppress ?................................................ -2-

STANDARD OF REVIEW............................................... -2-

ARGUMENT AND AUTHORITIES......................................... -2-

CONCLUSION...................................................... -10-

PRAYER ......................................................... -11-

INMATE DECLARATION.............................................. -11-

CERTIFICATE OF SERVICE.......................................... -12-

APPENDIX: MEMORANDUM OPINION..................................... END

# INDEX OF AUTHORITIES:

## CASES:

- <u>Adkins v. State</u>, 675 S.W.2d 604 (Tex.App. - El Paso 1984)............... 10

- <u>Aguilar v. Texas</u>, 378 U.S. 108 (1964) ................................. 2

- <u>Alvarez v. State</u>, 750 S.W.2d 889 (Tex.App. - Corpus Christi 1988)....... 10

- <u>Burke v. State</u>, 27 S.W.3d 651 (Tex.App. - Waco 2000).................... 3

- <u>Cardona v. State</u>, 134 S.W.3d 854 (Tex.App. - Amarillo 2003)............ 8

- <u>Cassias v. State</u>, 719 S.W.2d 585 (Tex.Crim.App. 1986)................. 3

- <u>Dees v. State</u>, 722 S.W.2d 209 (Tex.App. - Corpus Christi 1985)......... 10

- <u>Elardo v. State</u>, 163 S.W.3d 760 (Tex.App. - Texarkana 2005)............ 9

- <u>Hennessy v. State</u>, 660 S.W.2d 87 (Tex.Crim.App. 1983)................. 9

- <u>Illinois v. Gates</u>, 462 U.S. 213 (1983) .......................... 2,3,5,6

- <u>Lowery v. State</u>, 843 S.W.2d 136 (Tex.App. - Dallas 1992) .............. 7

- <u>Martin v. State</u>, 67 S.W.3d 340 (Tex.App. - Texarkana 2001)............. 9

- <u>Meeks v. State</u>, 851 S.W.2d 373 (Tex.App. - Houston [14th Dist.] 1993).... 6

- <u>Ozum v. State</u>, 88 S.W.3d 307 (Tex.App. - San Antonio 2002)............. 3,4

- <u>Ramos v. State</u>, 934 S.W.2d 358 (Tex.Crim.App. 1996) .................. 3

- <u>Robuck v. State</u>, 40 S.W.3d 650 (Tex.App. - San Antonio 2001) ........... 4

- <u>State v. Duarte</u>, 2012 Tex.Crim.App. Lexis 1180 (Tex.Crim.App. Sept.12,2012)6,7,9

- <u>State v. Jordan</u>, 342 S.W.3d 565 (Tex.Crim.App. 2011).................. 2

- <u>State v. McLain</u>, 337 S.W.3d 268 (Tex.Crim.App. 2011).................. 2

- <u>Swearingen v. State</u>, 143 S.W.3d 808 (Tex.Crim.App. 2004)............... 2

- <u>Torres v. State</u>, 552 S.W.2d 821 (Tex.Crim.App. 1977)................. 9

- <u>Walker v. State</u>, (Tex.App. - Houston [14th Dist.] 2004) .............. 4

## CONSTITUTIONS:

- <u>U.S. CONST., AMEND. IV</u>....................................... 3,9

- <u>TEX. CONST., ART. I, § 9</u>.................................... 3,9

• TEX. CODE CRIM. PROC., ANN. ART. 18.01(b) (Vernon Supp. 2004)....    3

## LIBERAL  SCRUTINY  STATEMENT:

Petitioner being a layman of the law is unskilled and without experience in the drafting of legal papers; therefore, he is entitled to a review that comes under a less stringent standard than those formal proceedings submitted by artful and skilled practioners of the law; and thus, his litigations should be construed liberally under Haines v. Kerner, 404 U.S. 519-20 (1972); Brown v. Allen, 344 U.S. 445, 502 (1953); Bush v. U.S., 823 F.2d 909, 910 (5th Cir. 1987).

☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆☆

[ THIS  SPACE  INTENTIONALLY  LEFT  BLANK ]

## STATEMENT REGARDING ORAL ARGUMENT:

The Petitioner is an inmate in the Texas Department of Criminal Justice and thus is not eligible to present any oral argument before the Court; if the Court grants Discretionary Review and recognizes any issue as needing oral argument, the Petitioner requests the Court to appoint counsel to represent him in such proceedings.

## STATEMENT OF THE CASE:

Petitioner was charged with the offense of Possession of a Controlled Substance, with Intent to Deliver, 4-200 grams; and the offense of Possession of Marijuana, 4-50 pounds. Petitioner filed a motion to suppress the evidence, asserting that the information in the affidavit requesting the search warrant did not give the magistrate probable cause to issue the warrant. The trial court denied the motion to suppress, and Petitioner subsequently entered a plea of guilty before the Court, without a plea agreement. The trial court accepted Petitioner's plea of guilt and assessed punishment at fifty (50) years in the Texas Department of Criminal Justice on the Possession of a Controlled Substance charge, and ten (10) year in the Texas Department of Criminal Justice on the Possession of Marijuana charge.

## PROCEDURAL HISTORY:

Petitioner was convicted in the 364th Judicial District Court of Lubbock County, Texas of Possession of a Controlled Substance under TEX. HEALTH & SAFETY CODE ANN. § 481.112(a); and Possession of Marijuana under TEX. HEALTH & SAFETY CODE ANN. § 481.121(a). Petitioner filed a timely Notice of Appeal, the appeal was perfected and on December 4, 2014, the Seventh District of Texas Court of Appeals affirmed the convictions in an unpublished opinion (Gonzales v. State, No. 07-13-00268-CR and 07-13-00269-CR, December 4, 2014)(not designated for publication). No Motion For Rehearing was filed, due to Appellate Counsel never notifying Petitioner of the affirmation of his conviction. To this date, Appellate Counsel still has not notified Petitioner of his affirmation, nor his right to file the Petition For Discretionary Review. Petitioner found out about such affirmation and right from another attorney, whom he happens to be in touch with. Upon learning of the case being affirmed, through said third party, Petitioner filed for an extension of time to file this Petition For Discretionary review, which the Court granted and the extended deadline is met with the filing of this Petition being timely filed.

## STATEMENT OF FACTS:

On July 2, 2012, Officer Brady Lewis of the Lubbock Police Department received an anonymous tip allegeing that illegal narcotics were being trafficked from 1922 26th Street. The anonymous tipster is alleged to have observed "approximately seventeen vehicles arrive at the location for a short period of time and then leave." (CR 127)[1]. Based on this anonymous information, Officers Lewis and Williams established surveillance at 1922 26th Street, and observed three separate vehicles arrive at the residence. (CR 127). Officer Lewis observed individuals enter into the residence for a short period of time and then leave the residence. Based on this brief observation, Officer Lewis followed one of the individuals leaving the residence, made contact with him, searched his vehicle, discovered a white powdery substance, field tested the substance, and determined the substance to be cocaine. The individual, later identified as Ray Garcia, alleged he had purchased the cocaine from a Hispanic male named "Rudy," at the 1922 26th Street residence.

On July 2, 2012, Officer Lewis executed an affidavit for a search warrant. The affidavit for the search warrant recited the above-mentioned arrest of Ray Garcia. There was no mention made of the reliability or veracity of the informants in the affidavit. Based on Officer Lewis' affidavit, a search and arrest warrant was signed by Judge Drue Farmer on July 2, 2012 and executed on July 2, 2012. The search yielded the evidence which Petitioner sought to have suppressed as the fruit of an illegal search. The trial court erroneously denied Petitioner's Motion To Suppress.

The case was called to trial on July 29, 2013. (RR 5:13)[2]. At trial, Petitioner entered a plea of guilty before the court, which he would not have done had the illegally obtained evidence been suppressed. (RR 5:18). The court had a punishment hearing on August 8, 2013. (RR 6:6). After hearing the evidence and argument of counsel, the trial court assessed a punishment of fifty (50) years in the Texas Department of Criminal Justice on the Possession of a Controlled Substance charge, and ten (10) years in the Texas Department of Criminal Justice on the Possession of Marijuana charge. Petitioner filed a Notice of Appeal on August 8, 2013. (CR 149).

---

[1] "CR" denotes the Clerk's Record, which is followed by the page number referenced to.

[2] "RR" denotes the Reporter's Record, which is followed by the Volume number : Page number.

---

## QUESTION PRESENTED FOR REVIEW:

Did the Court of Appeals err in affirming Petitioner's conviction, by finding that a reasonable magistrate could conclude that there was a substantial basis for believing that probable cause existed that narcotics would be found at the residence in question, at the time the warrant was issued; thus, the trial court did not err in denying Petitioner's pre-trial Motion To Suppress ?

## STANDARD OF REVIEW:

A trial court's determination whether probable cause exists to support a search warrant's issuance is constrained solely to the affidavit's four corners. State v. McLain, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011); see Aguilar v. Texas, 378 U.S. 108, 109 n.1 (1964) ("It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention."). When reviewing a magistrate's decision to issue a warrant, the appellate court should apply a highly deferential standard of review because of the constitutional preference for searches conducted pursuant to a warrant over warrantless searches. Swearingen v. State, 143 S.W.3d 808, 810-11 (Tex.Crim.App. 2004). Provided the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable-cause determination. McLain, 337 S.W.3d at 271 (citing Gates, 462 U.S. at 234-37). The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners. State v. Jordan, 342 S.W.3d 565, 569 (Tex.Crim.App. 2011). Appellate courts should not invalidate a warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense, manner. McLain, 337 S.W.3d at 272. When in doubt, the appellate court should defer to all reasonable inferences that the magistrate could have made. Id.

## ARGUMENT AND AUTHORITIES:

I. Officer Lewis' affidavit did not provide sufficient probable cause for the issuance of a search warrant because mere drug possession by a third party does not rise to the level of probable cause to search a person's home.

The Fourth Amendment of the United States Constitution states: " The right

of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST., amend. IV. Similarly, the Texas Constitution states: "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." TEX.CONST., art. I, § 9.

The search of Defendant's home pursuant to a search warrant not supported by probable cause violated Defendant's rights under the U.S. Constitution and the Texas Constitution. A search warrant may not be issued unless sufficient facts are presented to the magistrate, which permit him to conclude that probable cause exists supporting the warrant's issuance. Tex. Code Crim. Proc., Ann. Art. 18.01(b) (Vernon Supp. 2004). Whether the facts mentioned in an affidavit are adequate to establish probable cause depends on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213 (1983), and Ramos v. State, 934 S.W.2d 358 (Tex.Crim.App. 1996). The facts found in the search warrant affidavit must show that "there's a fair probability that contraband or evidence of a crime will be found in that particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Wholly conclusory statements do not provide the magistrate with a substantial basis for determining the existence of probable cause. Id. The proabable cause to support the issuance of a search warrant is determined from the "four corners" of the affidavit alone. Burke v. State, 27 S.W.3d 651 (Tex.App. - Waco 2000, pet.ref'd). The probable cause determination to issue a warrant to search Defendant's home was based on the facts that ray garcia was arrested while possessing illegal drugs after leaving Defendant's premises, information from an anonymous tipster alleging that trafficking of illegal drugs was occurring at 1922 26th Street, and limited police surveillance. Mere possession of drugs is not enough to warrant the search of residence. Ozuń v. State, 88 S.W.3d 307 (Tex.App. - San Antonio 2002 pet. ref'd), citing Cassias v. State, 719 S.W.2d 585 (Tex.Crim.App. 1986). In Cassias, the affidavit relied in part on the fact that two people were spotted at a residence had previously been arrested for possessing drugs. Id at 587. The court concluded that there was no probable cause for a valid search warrant. Id. In the instant case, the affidavit contained no information that Defendant possessed cocaine on his person, or anything else to suggest that there would be contrand in Defendant's home. Pro-

-3-

bable cause to search the home does not exist if there is not a connection between the illegal drugs and the residence in the affidavit. Ozum v. State, 88 S.W.3d 307 (Tex.App. - San Antonio 2002, pet.ref'd).

In Ozum, the defendant was suspected of exchanging drugs for stolen property. The affidavit contained evidence that the defendant carried drugs on his person, but no evidence that the defendant kept drugs at his residence. Id. The court found that there must be a link between the illegal drugs and the residence for there to be a valid search warrant supported by proabable cause. Id. In the instant case, the affiant suspected that Defendant possessed cocaine, but he had no evidence to show that there would be cocaine at Defendant's home. The affiant did not enter the home, nor did the affiant see any contraband while conducting surveillance.

The facts enumerated in the search warrant and affidavit in this case only show that Ray Garcia possessed cocaine and was alleged to have purchased it from a Hispanic male at 1922 26th Street, not that there would be any cocaine in Defendant's home. Ray Garcia could have possessed the cocaine prior to arriving at Defendant's home, or he could have had the cocaine in his vehicle. Ultimately, aside from a single statement made by a criminal informant, with self-serving interest, the affidavit failed to connect the cocaine in Ray Garcia's possession with Defendant's home.

Robuck v. State also deals with an affidavit for a search warrant that failed to connect the defendant's home with contraband. Robuck v. State, 40 S.W.3d 650 (Tex.App. - San Antonio 2001, pet.ref'd). In Robuck, the defendant had been mailed a package which contained money that smelled strongly of marijuana. Id. at 655. The package was intercepted by law enforcement officers, an affidavit was prepared, and a warrant to search the defendant's home was procured. Id. The affidavit stated that the defendant was a "known drug trafficker" and that as a drug trafficker, he would have quantities of currency and other evidence at his residence. Id. The court held that the affidavit was too general to support the issuance of a search warrant for the defendant's home, and furthermore, that there were no facts in the affidavit that would support a conclusion that contraband or evidence of a crime would be found at the defendant's home. Id.

The affidavit in the instant case contains even less information than the affidavit which the court deemed to be unsatisfactory in Robuck. Cf Walker v. State, (Tex.App. - Houston [14th Dist.] 2004) (affidavit was sufficient when affiant relied on information received from an informant whose information had been

true and correct in the past, and received assistance from other law enforcement agencies). There is a description of the arrest of Ray Garcia, and the subsequent discovery of cocaine, but aside from a single uncorroborated statement made by a criminal informant with a self-serving interest, there are no facts in the affidavit that connect the contraband to Defendant's home. The contraband was not found on Defendant's person, but on the person of Ray Garcia. Affiant did not observe Ray Garcia accept contraband from Defendant, nor did he observe any contraband leave Defendant's home. Ray Garcia could have possessed the cocaine prior to arriving at Defendant's home, or he could have had the cocaine in his vehicle.

## II. Officer Lewis' affidavit did not provide sufficient probable cause for the issuance of a search warrant for the search of Defendant's home, because probable cause was based wholly on anonymous tips from a criminal informant with a self-serving interest.

In <u>Illinois v. Gates</u>, the Supreme Court set forth the totality of the circumstances test to be applied when issues concerning anonymous tips and probable cause to issue search warrants intersect. <u>Illinois v. Gates</u>, 462 U.S. 213, 295 (1983). Gates involved an elaborate scheme for the trafficking of narcotics, where the wife would drive a car from Illinois to Florida, purchase drugs, load the car and fly back to Illinois. <u>Id</u>. at 225. The husband would then fly from Illinois to Florida and drive the narcotics-laden car back to Illinois. <u>Id</u>. An anonymous letter, which described the smuggling trafficking operation in detail, was mailed to the local police department in Illinois by a concerned citizen. <u>Id</u>. Upon receipt of the tip, law enforcement went to work investigating the validity of the letter's assertions. <u>Id</u>. Officers observed that the wife had booked a flight from Florida and that the husband had booked a flight to Florida shortly after the wife's return. <u>Id</u>. Based on the tip and the corroborating investigations by law enforcement, a search warrant was issued for the search of the defendants' home and car. <u>Id</u>. The Supreme Court upheld the validity of the warrant, stating that the tip, combined with the corroborating investigation, provided sufficient probable cause for a search warrant. <u>Id</u>.

The instant case is distinguishable from Gates. First, the tip in the instant case was nothing more than a bare, conclusory assertion. There were no facts in the affidavit concerning who gave the tips, what the tipsters' basis of knowledge for the tips was, where Defendant resided, where Defendant based his narcotics operations, or how Defendant carried out his narcotics operations. The Court in Gates noted, a magistrate's action in issuing a search warrant based on an affida-

vit "cannot be a mere ratification of the bare conclusions of others." <u>Gates</u>, 462 U.S. at 239. The Court in Gates referenced "bare-bones affidavits," where nothing more than a conclusory statement is presented to the magistrate. <u>Gates</u>, 462 U.S. at 239. The instant case presents a bare-bones affidavit that has no supporting facts and no evidence of any substantive corroborative investigation on the part of the law enforcement.

Furthermore, the Court stated, "... the totality of the circumstances analysis ... have consistently recognized the value of corroboration of details of an informer's tip by independent police work." <u>Gates</u>, 462 U.S. at 241. In the instant case, not only were there no substantial corroboration of the details in the tips, there were no details in the tips themselves. Under the totality of the circumstances, the affidavit in the instant case indicates only that a third party snitch had possessed cocaine on his person after leaving Defendant's home. The only evidence of corroborative investigation, within the four corners of the affidavit is that Officers Lewis and Williams established surveillance at 1922 26th Streeet, and observed three separate vehicles arrive at the residence. (CR 127). Officer Lewis observed individuals enter into the residence for a short period of time and then leave the residence. (CR 127). The affidavit does not state the date that surveillance was conducted, the duration of surveillance, or any other details showing substantial corroborative investigation by police that could lead a magistrate to determine that Defendant would have contraband in his home. Since there was not sufficient evidence of corroborative investigation within the four corners of the search warrant, and information provided by an informant has no indicia of reliability, there can be no finding of probable cause.

To illustrate how Texas Courts have interpreted Gates, see <u>Meeks v. State</u>, 851 S.W.2d 373 (Tex.App. - Houston [14th Dist.] 1993)(holding that probable cause for the search warrant was lacking because nothing in the affidavit corroborated the informant's allegation).

III. **Officer Lewis' affidavit did not provide sufficient probable cause for the issuance of a search warrant for the search of Defendant's home because the anonymous sources mentioned in the affidavit were not reliable or credible, the affidavit did not contain any facts to show the basis of the tipsters' knowledge, and the anonymous tips were not credited at each level.**

In <u>State v. Duarte</u>, this Honorable Court affirmed the trial court's ruling granting defendant's motion to suppress, reversing the court of appeals which had itself reversed the trial court. <u>State v. Duarte</u>, 2012 Tex.Crim.App. Lexis 1180,

(Tex.Crim.App. Sept. 12, 2012). Similar to the case at bar, in Duarte, the defendant was charged with possession of cocaine, and filed a motion to suppress alleging that the search warrant affidavit authorizing the search of his home was not supported by probable cause. State v. Duarte, 2012 Tex.Crim.App. Lexis 1180 at *2 (Tex.Crim.App. Sept. 12, 2012). Defendant argued that the affidavit failed to meet Fourth Amendment requirements because it was based solely upon a tip from a first-time informant looking to make a deal. Id. at 6. The supporting affidavit alleged that affiant "received information from a credible individual who is currently facing pending criminal charges." Id. at 4. The affidavit further stated, "the credible individual stated that he/she had observed Duarte in possession of cocaine within the past twenty-four hours at 10919 Indigo Creek." The trial court correctly held that the affidavit did not contain sufficient information to support a finding of probable cause: "The magistrate in this case was only presented with informatioon the detective obtained from the informer, and was not presented with with other verifying information other than determining that the defendant gave the address as his residence on a traffic ticket he received in 2008." Id. at 4. This Honorable Court concluded that, based on the four corners of the affidavit, the magistrate did not have a substantial basis for crediting the informant's hearsay. Instead, the magistrate relied on boilerplate language included in the affidavit to conclude the informant's credibility. Id. at 23.

In Lowery v. State, law enforcement officers received a tip concerning a drug lab at the defendant's home. Lowery v. State, 843 S.W.2d 136 (Tex.App. - Dallas 1992, pet.ref'd). The defendant's motion to suppress was denied. Id. at 138. On appeal, the defendant attacked the search warrant affidavit, claiming that the affidavit contained tips from sources that were not reliable or credible. Id. The "critical tip" came from an untested informant, and there was nothing within the four corners of the search warrant affidavit to show that the informant was reliable or credible. Id. The court held that there was insufficient probable cause for the issuance of a search warrant, stating, "Probable cause does not arise by virtue of the fact that several people, whose identity, reliability, credibility, or basis of knowledge is unestablished, gave officers information concerning criminal activity." Lowery, 843 S.W.2d at 141. In Lowery, several other people had called law enforcement concerning the chemical smell emanating from the defendant's home (including a police officer who lived in the area), and the affiant did perform an investigation to corroborate the tip. Id at 140. Still, the Court found that the affidavit, based in large part on the anonymous tip, did not provide sufficient

probable cause for the issue of a search warrant. Id.

The instant case is analogous to Lowery. Lowery involved an anonymous tip with insufficient corroborative investigation, just as the instant case involves a anonymous tip coupled with insufficient corroborative investigation. In the instant case, the single anonymous tip was not shown to be reliable or credible within the four corners of the affidavit. All that lies within the four corners of the affidavit in reference to the anonymous tip is that:

> Lubbock Police Department narcotics unit, received a tip in reference
> to illegal narcotics trafficking from 1922 26th Street. The caller
> observed approximately seventeen vehicles arrive at the location for
> a short period of time and then leave.

First, the lone tipster is not identified. Second, there is nothing to show that the tipster is reliable and has given correct information in the past. Third, there is nothing to show that the tipster had any reason to be truthful or credible, (e.g., a statement against interest). There is no reason within the four corners of the affidavit to show that the magistrate should believe what the tipster said.

Cardona v. State, involved a tipster giving law enforcement officers information about a drug lab. Cardona v. State, 134 S.W.3d 854 (Tex.App. - Amarillo 2003, pet.ref'd). The tipster described various chemicals and appratuses used in the manufacture of methamphetamine. While the court held the affidavit insufficient on other grounds, it noted, "... the search warrant affidavit did not state how the tipster came to have this knowledge, the extent of his knowledge, or his prior interactions with drugs." Id. at 856. Like the affidavit in Cardona, the affidavit in this case does not reveal the basis of the anonymous tipster's knowledge, the extent of his knowledge, or his prior interaction with drugs. The affidavit does not state whether the anonymous tipster was related to Defendant, whether the tipster was a customer of Defendant, or whether the tipster knew any customers of Defendant. There is no mention in the affidavit as to whether the tipster even personally knew Defendant, let alone whether Defendant's alleged narcotics operation had any connection to Defendant's home.

The affidavit also fails to substantiate Ray Garcia's credibility, and there was no evidence of police investigation to corroborate the statements made by Ray Garcia. First, for purposes of establishing probable cause necessary to support issuance of a search warrant based on the tip of an informant, Texas courts have held that the citizen-informer is presumed to speak with the voice of

honesty and accuracy, whereas the criminal informant who is making a quid pro quo trade for leniency does not enjoy any such presumptions, in that his motive is entirely self-serving. State v. Duarte, 2012 WL 3965824 (Tex.Crim.App.). Second, corroboration of the details of an informant's tip by independent police work is a relevant consideration in the totality of the circumstances analysis when determining whether an officer's affidavit contains sufficient facts to establish probable cause for the issuance of a search warrant. Martin v. State, 67 S.W.3d 340 (Tex. App. - Texarkana 2001). In the context of determining probable cause for issuance of a search warrant, corroboration of an informant's tip by a police officer means that, in light of the circumstances, the officer confirms enough facts to reasonably conclude that the information provided is reliable. Elardo v. State, 163 S.W.3d 760 (Tex.App. - Texarkana 2005), U.S.C.A. CONST. AMEND. IV; Vernon's Ann. Tex. Const. art. I, § 9. Finally, this Honorable Court has held that, "an affidavit in support of a search warrant need not provide more reliability than to state that informant provided information in the past regarding narcotics trafficking, which information had been proved correct." See generally, Torres v. State, 552 S.W.2d 821, 824 (Tex.Crim.App. 1977).

In the instant case, the affidavit failed to meet the minimum standard of reliability under Torres, did not set forth the basis of the two tipsters' knowledge, and had no substantial corroborative investigation. The only evidence of corroborative investigation, within the four corners of the affidavit, is that Officers Lewis and Williams established surveillance at 1922 26th Street, and observed three separate vehicles arrive at the residence. (CR 127). Officer Lewis observed individuals enter into the residence for a short period of time and then leave the residence. (CR 127). The affidavit does not state the date that surveillance was conducted, the duration of surveillance, or any other details showing substantial corroborative investigation by police that could lead a magistrate to determine that Defendant would have contraband in his home.

Hennessy v. State, involved a search warrant affidavit that relied on hearsay-upon-hearsay for probable cause to search the defendant's home. Hennessy v. State, 660 S.W.2d 87 (Tex.Crim.App. 1983). The hearsay in the affidavit was shown to be reliable, and the Court held that the search warrant was supported by probable cause. Id. at 92. The Court stated, "Hearsay-upon-hearsay may be utilized to show probable cause as long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level." Id. at 91.

In the instant case, there is no indication within the four corners of the

search warrant affidavit that the hearsay was credited at each level. Likewise, there is no idication whether the unknown source obtained the information himself, or from yet another party or parties. Without any indication that the hearsay is credited, or whether it even can be credited, there can be no probable cause based solely on the hearsay. Since the subsequent investigation failed to corroborate the hearsay, there is not enough information within the four corners of the affidavit to provide probable cause to issue a search warrant. See also Dees v. State, 722 S.W.2d 209, 214-15 (Tex.App. - Corpus Christi 1985, pet.ref'd)(affidavit insufficient because it contained no information regarding the reliability of the informant and indicated no personal observations of the affiant regarding the transaction between the defendant and the affiant's agent) and Adkins v. State, 675 S.W.2d 604, 607 (Tex.App. - El Paso 1984), rev'd on other grounds, 717 S.W.2d 363 (Tex.Crim.App. 1986)(affidavit insufficient because it did not indicate whether the source of the tip was direct observation or reliable hearsay, it did not indicate a basis for the informant's reliability such as past performance, and it did not explain the nexus between the original tip and the officer's corroborative details).

Moreover, the affidavit did not say the caller received the information and when it was received, hence no point of reference for the informer's claim that narcotics were being "sold" at the house of Defendant, and no point of reference thus to support an inference that the information was fresh. See Alvarez v. State, 750 S.W.2d 889 (Tex.App. - Corpus Christi 1988, pet.ref'd)(Affidavit which failed to state time when informant made his observation is insufficient to support warrant).

## CONCLUSION:

Since the search warrant affidavit did not contain any facts which connected the contraband on Ray Garcia's person to Defendant's home, and the anonymous informant was not shown to be reliable and credible, it was not possible for a magistrate to find probable cause within the four corners of the search warrant affidavit. Furthermore, the affidavit relied upon information from a criminal informant with a self-serving interest, failed to provide the basis of the informant's knowledge, and failed to corroborate the informant's information through substantial corroborative investigation. The defects within the search warrant affidavit were fatal, and any evidence obtained pursuant to the search warrant should have been suppressed. And, had proper suppression have taken place,

Defendant would not have plead guilty.

## PRAYER:

**WHEREFORE, PREMISES CONSIDERED**, Petitioner prays this Honorable Court grant his Discretionary Review, reverse his judgment of conviction and find that the search warrant affidavit was insufficient, therefore the trial court erred in not suppressing the evidence obtained in that illegal search of Petitioner's home. Petitioner prays for any other relief he may be entitled.

RESPECTFULLY SUBMITTED,

/s/ *Rodolfo Gonzales*

Petitioner, Pro Se

Rodolfo Gonzales # 1877624
French M. Robertson Unit
12071  F.M.  3522
Abilene, Texas  79601
(325) 548-9035

## INMATE  DECLARATION:

I, **Rodolfo Gonzales**, TDCJ # 1877624, being presently incarcerated in the French M. Robertson Unit of the Texas Department of Criminal Justice in Jones County, Texas; do hereby verify and declare under the penalty of perjury that the foregoing statements are both true and correct, as well as offered in good faith.

[Tex.Civ.Prac.& Rem.Code § 132.001-003 et seq./Title 28 U.S.C. § 1746]
(Asigned/dated copy of this PETITION shall have the same validity as its origianl)

**SIGNED AND EXECUTED on this the 1st day of March, 2015.**

/s/ *Rodolfo Gonzales*

Petitioner, Pro Se

Rodolfo Gonzales # 1877624
French M. Robertson Unit
12071  F.M.  3522
Abilene, Texas  79601
(325) 548-9035

RG/awr-File

-11-

## CERTIFICATE OF SERVICE:

The above signer hereby certifies that a true and correct copy of this PETITION FOR DISCRETIONARY REVIEW has been forwarded to ALL parties, via 1st Class U.S. Mail, Postage Pre-Paid, placed in the outgoing prison mailbox on this the 1st day of March, 2015; addressed to:

- Abel Acosta, Clerk
  Texas Court of Criminal Appeals
  P.O. Box 12308
  Capitol Station
  Austin, Texas 78711

- Jeffrey S. Ford
  Assistant District Attorney
  Lubbock County, Texas
  Appellate Division
  P.O. Box 10536
  Lubbock, Texas 79408

- State Prosecuting Attorney
  P.O. Box 12405
  Austin, Texas 78711

RG/awr-File

## APPENDIX:

Memorandum Opinion
Seventh District of Texas
Court of Appeals
Gonzales v. State, No. 07-13-00268-CR and 07-13-00269-CR
December 4, 2014
(5 Pages)



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-13-00268-CR
No. 07-13-00269-CR

---

RODOLFO GONZALES, APPELLANT

V.

STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-435,536 & 2012-435,537
Honorable Cecil Puryear, Presiding by Assignment

---

December 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following an open plea of guilty, Rudolfo Gonzales was convicted of the offense of possession of a controlled substance (cocaine) with intent to deliver, over 4 grams but less than 200 grams, enhanced by a prior felony conviction, and sentenced to fifty

years confinement in Cause No. 07-13-00268-CR (trial court cause no. 2012-435,536).[1] At the same time, Appellant was convicted of the offense of possession of marihuana, over 4 pounds but less than 50 pounds, and sentenced to ten years confinement in Cause No. 07-13-00269-CR (trial court cause no. 2012-435,537).[2] The trial court ordered the two sentences to be served concurrently. By a single issue, Appellant contends the trial court erred in denying his pretrial motion to suppress because the officer's affidavit did not provide sufficient probable cause for the issuance of the search warrant that lead to the discovery of the controlled substances the subject of the respective prosecutions. We affirm.

BACKGROUND

On July 2, 2012, Officer Brady Lewis of the Lubbock Police Department received an anonymous tip alleging that controlled substances were being trafficked from a specific residence in the city. Based on this tip, Officer Lewis and another officer set up surveillance of the residence. During the surveillance he observed three vehicles arrive at the residence. Officer Lewis observed various individuals enter the residence for a short period of time and then leave. Based on this observation and the prior tip, Officer Lewis followed an individual leaving the residence and made contact. During a search of that individual's vehicle, a white powdery substance was discovered that field tested

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). The offense is a felony of the first degree. *Id.* at § 481.112(d). As enhanced, the offense was punishable by imprisonment for life, or for any term of not more than 99 years or less than 15 years, and by a fine not to exceed $10,000. TEX. PENAL CODE ANN. §12.42(c)(1) (West Supp. 2014).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2010). The offense is a felony of the third degree. *Id.* at § 481.121(b)(4). The punishment range in this case was not enhanced. Accordingly, the offense was punishable by imprisonment for any term of not more than 10 years or less than 2 years, and by a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2011).

2

to be cocaine. The individual detained stated that he purchased the cocaine from a Hispanic male named "Rudy" at the residence under surveillance.

That same day, Officer Lewis presented an affidavit for a search warrant to Judge Drue Farmer of the Lubbock County Court at Law # 2.[3] A search warrant was signed and issued and, later that same day, the search warrant was executed at the residence listed. A search of the residence yielded evidence which Appellant sought to suppress via a pretrial motion to suppress. In support of that motion, Appellant argued that the search was unreasonable and illegal under both the Fourth Amendment of the U.S. Constitution and Article I, Section 9 of the Texas Constitution because it was based on an affidavit that failed to give the magistrate sufficient facts to reasonable conclude the object of the search was probably located on the premises described. The

---

[3] The probable cause affidavit provided in pertinent part as follows:

On today's date the Lubbock Police Department narcotics unit received a tip in reference to illegal narcotics trafficking from [residence address]. The caller observed approximately seventeen vehicles arrive at the location for a short period of time then leave. Through my training and experience I know this activity is common with street level narcotics trafficking. Investigator Williams and myself set up surveillance on the residence and observed three separate vehicles arrive at the residence. The individuals would enter into the residence for a short period of time and then leave the residence. I observed a Hispanic male later identified as [R.G.] arrive and park in front of the residence driving a tan Ford expedition bearing Texas registration DF6S158. [R.G.] entered into the residence and left approximately three or four minutes later. Through my training, experience, and our investigation I believed [R.G.] was purchasing illegal narcotics. We were driving an unmarked vehicle and wearing plain clothes. We were wearing our Lubbock Police Department issued tact vest which display's "Police" on the front and back of the vest. [R.G.] continued looking in his rear view mirror and appeared to have observed us following him. [R.G.] then leaned over in the vehicle and appeared to be hiding something around the center console area. [R.G.] pulled into a parking lot and we made contact with him. I observed a white powdery substance in the passenger floorboard and center console area where [R.G.] had been reaching. We field tested the white powdery substance and it tested positive for cocaine using a field test kit. [R.G.] advised he had purchased the cocaine from a Hispanic male named "Rudy" at [the residence.] Through my training, experience, information received, and surveillance I believe that there are illegal narcotics and proceeds from narcotics sales inside [the residence.] The utilities at [the residence] return to Rudolfo Gonzales. Rudolfo Gonzales has been arrested in the past for possession of marijuana three times, manufacture / delivery of a controlled substance, assault, burglary, and two thefts.

3

trial court denied that motion and the Appellant entered a plea of guilty without a plea recommendation. Following conviction and sentencing he brings this appeal to contest the denial of that motion.

STANDARD OF REVIEW

Due to the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search, a trial court's determination whether probable cause exists to support the issuance of a search warrant is subject to a highly deferential standard of review, constrained solely to the "four corners" of the probable cause affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). An appellate court should uphold the magistrates' probable cause determination if it finds the affidavit in support of the warrant provides the magistrate a 'substantial basis' for concluding that probable cause existed. *McLain*, 337 S.W.3d at 271.

ANALYSIS

From the four corners of the probable cause affidavit we know that (1) an anonymous informant suspected narcotics activity at the residence based on his observation of seventeen vehicles coming and then leaving the residence after a short interval of time, (2) traffic patterns similar to this are common with street level narcotics trafficking, (3) officers confirmed by observation similar traffic patterns at the residence, (4) cocaine was found in a vehicle observed at the residence, conforming to that traffic pattern, that was stopped immediately after leaving the residence, (5) the driver of that vehicle stated that he purchased the cocaine at that residence from someone named

4

"Rudy," (6) the utilities at the residence were in the name of Rudolfo Gonzales, and (7) Rudolfo Gonzales had a prior criminal history including manufacture / delivery of a controlled substance. When these facts are considered together, we believe a reasonable magistrate could conclude that there was a 'substantial basis' for believing that probable cause existed that narcotics would be found at the residence in question, at the time the warrant was issued. Accordingly, Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.