Fred R. ANDRADA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–273–CR.

Court of Appeals of Texas,
Corpus Christi.

May 30, 1985.

Thomas K. Robinson, Gonzales, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order revoking probation. Appellant challenges the sufficiency of the evidence to support the revocation of probation. We affirm.

The appellant was convicted on January 17, 1977 in the District Court of Gonzales County, Texas, upon his plea of guilty to the offense of burglary. Punishment was assessed at confinement in the Texas Department of Corrections for eight years, probated for this same period. On April 27, 1984, the State filed a petition for revocation of probation, alleging that appellant had violated a condition of probation, namely, that he "commit no offense against the laws of this or any State or the United States." The petition alleged that, on or about April 11, 1984, appellant did intentionally and knowingly possess a usable quantity of marihuana, to wit: less than 2 ounces of marihuana in Gonzales County, Texas.

On June 26, 1984, the appellant entered a plea of "not guilty" to the petition to revoke probation. After hearing testimony, the trial court found appellant guilty of violating a condition of his probation by committing the above offense as charged. The trial court ordered that appellant's probation be revoked and sentenced him to six years' confinement in the Texas Department of Corrections. It is from this revocation of probation that this appeal is taken.

Appellant's first three grounds of error concern the sufficiency of the affidavit that gave rise to the search warrant issued by the Justice of the Peace. Appellant's third ground of error states that the trial court committed reversible error in admitting certain evidence which was seized in a search of his residence. He contends that the seizure of the evidence found in his residence, consisting of usable amounts of marihuana, was inadmissible because "the affidavit failed to satisfy the probable cause requirements of *Aguilar v. Texas,*" 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).[1] Appellant's second ground of error states that the trial court committed reversible error in admitting State's Exhibit No. 2, a voluntary written statement made by appellant, because it was the result of an illegal arrest based on an illegal

---

1. It is apparent from the record before us that appellant is challenging the sufficiency of the affidavit as being in violation of federal constitutional standards. At no point does appellant assert an independent state law basis for rejecting the affidavit.

search warrant. Appellant's first ground of error states that the trial court committed reversible error in overruling appellant's objection to Officer Mallicoat's testimony, as the same was inadmissible testimony based on the fruits of an illegal search warrant.

At the revocation hearing, the State called Officer Mike Mallicoat of the Nixon City Police Department. The officer testified that, about two weeks prior to serving the search warrant, he received information from a reliable and credible informant that appellant was in possession of a large quantity of marihuana and was selling it. He testified that he later received information from a second reliable informant that appellant was in possession of marihuana and was selling it and that he (the informant) was present when appellant was selling it to another person. Officer Mallicoat testified that, based on all of the above information, he contacted several law enforcement agents, and that, one week before he obtained the search warrant, he and the other officers personally observed several known marihuana and narcotics users coming in and out of appellant's apartment.

At this point, the State offered into evidence the search warrant which was presented by Officer Mallicoat and ultimately issued by Judge Janicek. Appellant asserted a number of objections to the sufficiency of the affidavit underlying the search warrant which he reasserts on appeal.[2] The trial court noted that there may be some defects concerning the information from the informants, but overruled appellant's objections on the basis that the affidavit contained sufficient valid information to sustain a determination of probable cause.

The only issue before us is whether, under federal constitutional law, probable cause existed for the issuance of the search warrant. The relevant portion of the affidavit presented to the magistrate and upon which the search warrant issued was as follows:

4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT: Your Affiant Michael L. Mallicoat is a certified Texas Peace Officer with approximately 6 years' experience as a police officer, 2½ in Texas and 3½ in Illinois. Your Affiant has had both practical experience and educational experience concerning the trafficking of narcotics including, but not limited to marihuana.

Approximately two weeks ago your affiant received information from an informant that Andrada was in possession of a large quantity of marihuana and was observed by the informant selling some marihuana to several individuals on the street in Nixon. This informant is reliable and creditable and in the past has given to your Affiant information that has always proven to be true and correct. The information that the informant gave has resulted in some misdemeanor arrests. Later (Approximately 10 days after receiving the information from the first informant) Your Affiant received information from a second informant that Andrada had a large quantity of marihuana and was present when another party bought a quantity of marihuana from Andrada. In addition this informant received information from others that Andrada was in possession of a large quantity of marihuana and was selling it in Nixon. (This information from the second informant was received

2. Appellant objected to the introduction of the search warrant on the following grounds: 1) the affidavit failed to state when (i.e., the time frame) the first informant saw marihuana in the possession of appellant, even though he acknowledged the reliability of the first informant; 2) the affidavit failed to state that marihuana was seen by the first informant at the place where the warrant was to be executed, namely, appellant's residence; 3) the affidavit failed to state the time frame and the place where the second informant allegedly saw marihuana in appellant's possession; 4) the affidavit contains no facts concerning the reliability of the second informant; and 5) there is no showing of reliability as to the third group of informants.

within the last 72 hours). Your Affiant has observed within the last week one known marihuana trafficker who has been arrested for possession of a large quantity of marihuana within the last year; over at the Andrada residence. Your Affiant along with other law enforcement officers had observed at least four known marihuana users at the Andrada residence within the last six hours. Based on this observation at the present time and in the past two weeks and the information received from the two informants it is believed that Andrada is still in possession of a quantity of marihuana and is trafficking in marihuana. For security reasons your affiant does not wish to reveal the identity of the two informants.

■ The United States Supreme Court, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the rigid "two-pronged test" under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) in favor of the "totality of the circumstances" approach that has traditionally governed probable cause determinations. In its opinion, the Supreme Court said the following:

"The task of issuing magistrate is simply to make a practical, common-sense decision whether, *given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.* And the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed.... We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from *Aguilar* and *Spinelli*. (103 S.Ct. at 2332)." (Emphasis added.)

We also adopt the "totality of the circumstances" analysis and now apply it to the instant case.

It is apparent that the magistrate here involved based his decision on a combination of hearsay (i.e., the informants' tips) and the personal observations of the affiant (i.e., the subsequent surveillance of appellant's house by the affiant and other narcotics officers). The affidavit states that the affiant received a tip from an unidentified informant approximately two weeks prior to the date of the search warrant. The affidavit sufficiently describes this first informant as one of proven reliability by having previously given true and correct information leading to some misdemeanor arrests. This credible informant told Officer Mallicoat that he saw appellant selling marihuana to several individuals on the street in Nixon (the city in which appellant maintains a residence).

The affidavit goes on to state that, approximately ten days later, Officer Mallicoat received additional information from a second informant that appellant was in possession of a large quantity of marihuana and that this informant was present when another party bought a quantity of marihuana from appellant. Admittedly, there are no facts presented in the affidavit that would aid the magistrate in determining the reliability of the second unidentified informant. Additionally, the statement that, within the last 72 hours, "this informant received information from others that appellant was in possession of a large quantity of marihuana and was selling it in Nixon" fails to provide the magistrate with any information concerning the reliability or the basis of knowledge of this third group of informants.

■ We reject appellant's contention that the above-mentioned deficiencies in the hearsay portion of the affidavit vitiate the determination that probable cause existed to search appellant's residence. An informant's "reliability" and "basis of knowledge" are highly relevant in determining the value of his/her report. However,

these elements should not be understood as entirely separate elements to be rigidly applied in every case. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place. *Illinois v. Gates,* 103 S.Ct. at 2327.

In the present case, the affidavit which asserted that at least one demonstrably reliable informant had observed appellant selling marihuana first-hand was reasonably corroborated by other matters within the affiant's knowledge. Applying the totality of circumstances analysis, we find that the Supreme Court of the United States has consistently recognized the value of corroboration of details of an informant's tip by independent police work. *See Illinois v. Gates,* 103 S.Ct. at 2334; *Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). The affidavit sets forth the observations of the affiant police officer and several other narcotics officers as part of the surveillance on appellant's house. Officer Mallicoat stated that, within the week before he obtained the warrant, he personally had observed "one known marihuana trafficker who has been arrested for possession of a large quantity of marihuana within the last year" at appellant's residence. Further, the officer stated that, within the last six hours, he and other law enforcement officers had observed at least "four known marihuana users" also at appellant's residence. Standing alone, the facts obtained through the independent investigation of Officer Mallicoat and the narcotics agents at least suggested that appellant was involved in drug trafficking or some type of criminal conduct. These statements provide a substantial basis for crediting the hearsay. *Jones v. United States,* 362 U.S. at 269, 80 S.Ct. at 735.

Appellant's complaint is well founded as to those parts of the affidavit which contain no definite time reference showing when these informants actually saw appellant in possession of and selling marihuana. While greater specificity would be more desirable, we find that the instant affidavit contains sufficient facts and circumstances to justify the independent conclusion that the property that was the object of the search was probably on the premises to be searched *at the time the warrant was issued.* *See Sherlock v. State,* 632 S.W.2d 604, 608 (Tex.Crim.App.1982); *Staines v. State,* 659 S.W.2d 50, 53 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd), *cert. den.,* —— U.S. ——, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984); *Lewis v. State,* 654 S.W.2d 483, 486–87 (Tex.App.—Tyler 1983, pet. ref'd.).

We, therefore, hold that the magistrate had a substantial basis for his conclusion that probable cause existed for the search based on the totality of the circumstances presented in the affidavit. *See Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim. App.1984); *Hennessy v. State,* 660 S.W.2d 87 (Tex.Crim.App.1983); *see also Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App.1985) (totality of circumstances applied to establish probable cause for warrantless arrest and search).

Although appellant does not raise this issue on appeal, he suggested at the revocation hearing that the Texas Constitution (Article I, Section 9) is more restrictive than the Fourth Amendment of the United States Constitution. This argument was expressly rejected in *Brown v. State,* 657 S.W.2d 797, 798 (Tex.Crim.App.1983) (En Banc), when the Court of Criminal Appeals declined the defendant's "invitation to attach to Article I, Section 9 of our Texas Constitution a more restrictive standard of protection than that provided by the Fourth Amendment." Appellant's first through third grounds of error are overruled.

In his fourth ground of error, appellant contends that the evidence presented at the probation revocation hearing was insufficient to support a finding that he violated the condition as alleged. Appellant argues that, had the trial court sustained his objections to the admission of evidence obtained as a result of the search

of his residence, there would be no evidence to support a finding that he committed a violation of his conditions of probation as alleged by the State. This ground of error is without merit.

As we have held above, the trial court properly admitted the testimony and evidence now challenged by appellant. In a probation revocation hearing, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated. *Shaw v. State*, 622 S.W.2d 862 (Tex.Crim.App.1981); *Taylor v. State*, 604 S.W.2d 175 (Tex.Crim.App.1980). Violation of a single condition of probation is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869 (Tex.Crim.App.1980); *Jones v. State*, 571 S.W.2d 191 (Tex.Crim. App.1978).

Viewing all of the evidence in the light most favorable to the verdict, we find that the evidence established, by a preponderance of the evidence, that appellant violated the terms of his probation by committing the offense charged in the motion to revoke probation. As such, we find that the trial court did not abuse its discretion in revoking appellant's probation. *Barnett v. State*, 615 S.W.2d 220 (Tex.Crim.App. 1981), *appeal dism'd* 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Ground of error number four is overruled.

The judgment of the trial court is AFFIRMED.

Opinion ordered published.