ACCEPTED
13-15-00272-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/28/2015 1:59:33 PM
Dorian E. Ramirez
CLERK

**Cause No. 13-15-00272-CR**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/28/2015 1:59:33 PM
DORIAN E. RAMIREZ
Clerk

-------------------------------------------------------------------------------------------------

**ALEJO DANIEL LUGO, APPELLANT**

**v.**

**THE STATE OF TEXAS, APPELLEE**

-------------------------------------------------------------------------------------------------

APPEAL OF JUDGMENT IN CAUSE NO. CR-2534-10-I
FROM THE 398TH JUDICIAL DISTRICT COURT
OF HIDALGO COUNTY, TEXAS
THE HONORABLE JUDGE AIDA SALINAS FLORES, PRESIDING

-------------------------------------------------------------------------------------------------

**BRIEF OF THE STATE OF TEXAS/APPELLEE**

-------------------------------------------------------------------------------------------------

RICARDO RODRIGUEZ, JR.
Criminal District Attorney
Hidalgo County, Texas

GLENN W. DEVINO, ASSISTANT
Criminal District Attorney
Hidalgo County, Texas

HIDALGO COUNTY COURTHOUSE
Edinburg, TX 78539
Telephone #: (956) 318-2300
Facsimile #: (956) 380-0407
glenn.devino@da.co.hidalgo.tx.us
State Bar No. 24012525

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT NOT REQUESTED

# IDENTIFICATION OF PARTIES AND COUNSEL

APPELLEE certifies that the following is a complete list of the parties, attorneys, and all other interested persons regarding this matter:

APPELLANT in this case is ALEJO DANIEL LUGO.

APPELLANT was represented in the trial court and now represented on appeal by JONATHAN BALL, 6521 N. 10th Street, Suite F, McAllen, TX 78504.

APPELLEE is the State of Texas, by and through RICARDO RODRIGUEZ JR., Criminal District Attorney, Hidalgo County, TX.

APPELLEE was represented in the trial court by RICARDO RODRIGUEZ JR., Criminal District Attorney in and for Hidalgo County, Texas, 100 N. Closner, 3rd floor, Edinburg TX 78539, by his Assistant Criminal District Attorneys Graciela Reyna and Michelle Puig, and is represented on appeal by his Assistant Criminal District Attorney, Glenn W. Devino.

**NOTES AS TO THE FORM OF CITATION**

A.) Citation to the Clerk's Record will be to page number, *e.g.* CR 47 refers to Page 47 of the Clerk's Record.

B.) Citation to testimony in the Reporter's Record will be to volume and page numbers, *e.g.* '3 RR 56' refers to page 56 of volume 3 of the Reporter's Record.

C.) Citation to the State's Exhibits will be to exhibit number, *e.g.* SX 39 refers to State's Exhibit number 39, found in the 'exhibits' volume within the Reporter's Record.

D.) Reference to the Brief of Appellant will be to page number, *e.g.* Brief of Appellant, p. 9.

# NOTE AS TO ORAL ARGUMENT

Appellant requests oral argument. [1]

The State of Texas respectfully submits that oral argument in the instant case would not serve to enlighten the Court further or illuminate the issues in that, because the facts and legal arguments are adequately presented in the briefs and record, the decisional process of the Court would not be significantly aided by oral argument. The State of Texas, therefore, respectfully submits that oral argument in this case is not necessary, and therefore waives oral argument.

Nonetheless, the State of Texas reserves the right to present oral argument should the Court grant oral argument.

---

[1] Although Appellant sets forth a request for oral argument in his Brief, such a request does not appear on the cover of the Brief; thus, the request could be deemed waived. Brief of Appellant, page 5; Tex. R. App. P. 9.4(g) , 39.7. Appellant's Brief does not include a statement explaining why oral argument should or should not be permitted. Tex. R. App. P. 38.1(e).

# **TABLE OF CONTENTS**

Title Page ..................................................................................................................1

Identification of Parties and Counsel.................................................................2

Note as to the Form of Citation..........................................................................3

Note as to Oral Argument ...................................................................................4

Table of Contents ...............................................................................................5

Index of Authorities ...........................................................................................6

Statement of the Case.........................................................................................7

Issue Presented...................................................................................................8

Statement of Facts..............................................................................................9

Summary of Argument......................................................................................13

Argument and Authorities................................................................................14

Conclusion ........................................................................................................16

Prayer ................................................................................................................17

Certificate of Compliance ................................................................................17

Certificate of Service ........................................................................................18

# INDEX OF AUTHORITIES

## Cases

<u>Andrada v. State</u>, 695 S.W.2d 230 (Tex. App.—Corpus Christi 1985, *no pet.*)….14

<u>Garrett v. State</u>, 619 S.W.2d 172 (Tex. Crim. App. 1981)………………………..15

<u>Hacker v. State</u>, 389 S.W. 3d 860 (Tex. Crim. App. 2013)……………………….14

<u>Houlihan v. State</u>, 551 S.W.2d 719, 723 (Tex. Crim. App. 1977, *cert. denied.*)…15

<u>Jones v. State</u>, 589 S.W.2d 419 (Tex. Crim. App. 1979)…………………………14

<u>Rickels v. State</u>, 202 S.W.3d 759 (Tex. Crim. App. 2006)…………………..........14

<u>Sanchez v. State</u>, 603 S.W.2d 869 (Tex. Crim. App. 1980)………………………15

## Statutes

Tex. Code Crim. P. Art. 42.12………………………………………………………….16

## Rules

Tex. R. App. P. 9.4………………………………………………………………...4fn1

Tex. R. App. P. 38.1………………………………………………………………….4fn1

Tex. R. App. P. 39.7……………………………………………………………….4fn1

## STATEMENT OF THE CASE

Appellant was indicted for Aggravated Assault, and placed on Deferred Adjudication for a term of eight years therefor. CR3, 7. Thereafter, the State filed its *State's Motion for Adjudication of Guilt*, alleging that Appellant violated the conditions of community supervision by committing Aggravated Sexual Assault and by failing to pay fines and fees. The trial court found all the said allegations to be true, adjudicated the guilt of Appellant and imposed sentence of fifteen years' imprisonment.[2] CR25. Appellant did not file a motion for new trial.

The substantive case alleging Aggravated Sexual Assault was assigned Cause No. CR-4674-14-I. The instant adjudication proceeding was set jointly with pretrial 'outcry' hearing in the other matter. The trial court denied a defense request to conduct the 'outcry' hearing before hearing on the adjudication motion in the case at bar; thus, the hearing on the motion to adjudicate guilt was the first proceeding conducted.[3] 2RR8. Appellant was ultimately convicted of Sexual Assault in that cause as a lesser offense.[4]

---

[2] The assertion of Appellant that "[H]is probation was only revoked because of the allegation of sexual assault he was arrested for while on probation" is contradicted in the record; the trial court's decision to adjudicate Appellant's guilt for the underlying offense was based on findings that *all* the allegations in the adjudication motion were true. Brief of Appellant, page 5; CR25.

[3] (Defense counsel): So for that reason, I'm asking the Court to hold the motion to adjudicate in abeyance until the Court has the opportunity to go through the trial and hear the credibility of the witness…

7

## ISSUE PRESENTED

The trial court did not abuse its discretion in revoking Appellant's community supervision.

---

(the trial court): We'll start the motion to revoke hearing – motion to adjudicate hearing. Call your first witness.

(Defense counsel): Is my – is my request denied?

(the trial court): Denied.

2RR7-8

The State then called as its first witness Appellant's probation officer, a witness who would have no proper testimony to proffer as to trial of the other cause.

[4] The Order adjudicating guilt in this cause was rendered May 12, 2015; the Judgment of conviction in the other case was rendered August 13, 2015.

# STATEMENT OF FACTS

A. Violation of Condition 1 (do not violate any penal law)

The following testimony substantiated the allegation of commission by Appellant of the offense cited as a basis for adjudication of guilt:

> Question (by the prosecutor): And to your knowledge, back in 2013, did your daughter make an outcry of sexual abuse to you and Luis Reyes, or –
>
> Answer (by Tanya Murphy, mother of the victim): She did it on paper. She was scared to tell me face to face, but she was writing stuff on paper on how to have sex, how to go down on a man, how to go – just horrible details, so I – I confronted her…

> Question: And when you did speak with your daughter about it, did she tell you verbally –
>
> Answer: She told me…

> Question: Okay. And who did she say had done this to her?
>
> Answer: She said that Alejo Lugo, my ex-boyfriend, had done it to her…

> Question: And she was, what, 13 at the time she made the outcry, or 12?
>
> Answer: She was 12 when she made the outcry…

Question:   And can you tell the Court, what exactly did she say Alejo Lugo did to her?...

Answer:   She said it started off with the kissing and the touching…

Question:   And she started telling you that it was kissing and touching. Touching where?

Answer:   That he would be touching her between her legs, and then after she stated, like, letting herself more and more, that I would be asleep, he would go and he would start doing things to her.

Question:   And by doing things, did she – did you ask her what she meant by that?

Answer:   Yes. And she – she started telling me about his penis and how he would make her go and put her mouth on his penis and go down on him. I mean, she gave me details, details that – that disgusted me, on how he would make her get on top of him and how she had to moan and how she had to go up and down and – and how she had to be bent over.

Question:   And so she also described – she described vaginal sex to you?

Answer:   Vaginal sex, anal sex.

Question:   Oral sex?

Answer:   Yes.

2RR42-46.

This witness then went on to describe the measures she took to ensure that her daughter, who was nine years of age at the time of the events at issue, was certain as to the identity of her molester. 2RR47-50.

The victim herself also testified:

Question (from the prosecutor): And when you say 'rape', who are you referring to? Who – who did this to you?
Answer:    Alejo Lugo
3RR8

The victim then described the abuse upon her by Appellant. 3RR10-12, 15-18, 22 - 26.

The defense adduced testimony from a nurse practitioner who opined that the medical findings from a post-outcry examination of the victim were not consistent with the acts the victim claimed Appellant to have done and that various factual recitations of the victim were not entirely consistent. 3RR39-41. In cross-examination, this expert witness testified that it is entirely possible that a child who had been sexually abused anally would not later have scarring as a result. 3RR43. Moreover, the years that elapsed between the sexual abuse of the victim and the examination to detect indicators of abuse provided ample time for any wounds to have healed. 3RR44.

B. Financial obligations

As noted in the Statement of the Case above, Appellant was alleged to have violated the following probation conditions imposing financial obligations:

- Condition 12 (fine of $800.00, to be paid in $10 monthly installments)

- Condition 16 (Crime Stoppers fee of $50.00, to be paid within 90 days of judgment)

- Condition 17 (monthly supervisory fee of $40.00)

- Condition 18 (court costs of $333.00, to be paid within 90 days of judgment)

Appellant's supervising probation officer testified as to these violations. 2RR13.

## SUMMARY OF ARGUMENT

The trial court did not abuse its discretion in determining that Appellant had violated conditions of community supervision and adjudicating his guilt. The allegations of violations were substantiated by evidence in the record. Resolving the disputed facts on conflicting evidence was within the sole province of the trial court as trier of fact; its determinations are not to be disturbed unless wholly lacking in evidentiary support. As failing to satisfy financial obligations was not the sole ground for revocation of community supervision, the State was not required to establish the Appellant's ability to pay the fines, fees and costs imposed.

# ARGUMENTS AND AUTHORITIES

**Issue:**

The trial court did not abuse its discretion in revoking Appellant's community supervision.

**Argument:**

A. Principles of law

In a challenge to the sufficiency of the evidence to support a revocation of community supervision, the standard of appellate review is determination of whether the trial court abused its discretion. *See, e.g.* Hacker v. State, 389 S.W. 3d 860 (Tex. Crim. App. 2013). A trial court abuses its discretion by revoking probation when the State has failed to prove a violation by a preponderance of the evidence. Rickels v. State, 202 S.W.3d 759 (Tex. Crim. App. 2006). "In a probation revocation hearing, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated." Andrada v. State, 695 S.W.2d 230, 235 (Tex. App.—Corpus Christi 1985, *no pet.*). In determining whether the trial court abused its discretion in revoking community supervision, the evidence presented at the revocation proceeding should be viewed in the light most favorable to the trial court's findings and ruling. Jones v. State, 589 S.W.2d 419,

421 (Tex. Crim. App. 1979).  A single violation is sufficient to support revocation. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

"In a revocation of probation proceeding the trial judge is the sole judge of the facts. As the trier of the facts it is his duty to resolve any conflict in the testimony." Houlihan v. State, 551 S.W.2d 719, 723 (Tex. Crim. App. 1977, *cert. denied*.). A reviewing court is not to substitute its judgment for that of the trial court unless the determination of the trial judge is wholly lacking in evidentiary support. Garrett v. State, 619 S.W.2d 172 (Tex. Crim. App. 1981).

## B. Application

Appellant attacks the trial court's findings as to commission of the sexual offense not on a contention that evidence was lacking as to one or more elements but rather on his argument, presented both in the trial court and on appeal, that alleged inconsistencies in the proof adduced, and the lack of physical evidence, undermines confidence in the determinations and decision of the trial court. Brief of Appellant, page 13 ("Appellant believes contradictions in testimony and the lack of physical evidence make a preponderance of the evidence finding by the trial judge an abuse of discretion."); 3RR63 ("As far as whether they've met the burden of preponderance of the evidence, there are major inconsistencies" [in the

15

testimony of the victim and her mother]".). As set forth in the Statement of Facts, evidence substantiating the allegation at issue was adduced. 2RR42-50. The trial judge resolved the evidentiary conflicts unfavorably toward Appellant; it was within the trial court's discretion to do so.

The allegations of failing to satisfy financial obligations are also supported in the record. 2RR13, 16. The governing statute concededly provides that, in a revocation of probation based *solely* on failing to remit such payments, the State of Texas must establish by a preponderance of the evidence that Appellant was able to pay but did not do so. Tex. Code Crim. P. Art. 42.12 sec. 21(c). This is not the case in the matter at bar; as discussed above, Appellant was also alleged and found to have violated community supervision by committing a violation of the law. Thus, the lack of evidence that Appellant had the ability to meet these financial obligations but nonetheless failed to do so is not ground for reversal.

## CONCLUSION

Appellee respectfully submits, for the reasons set forth herein, that the Order subject of this appeal should in all respects be affirmed.

16

**PRAYER**

Wherefore, premises considered, the State of Texas prays the Court affirm the Order subject of this appeal.

Respectfully submitted,
_____/s/_____Glenn W. Devino
Glenn W. Devino
Assistant Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, 4th floor
Edinburg TX 78539
Telephone 956-318-2300 ext. 808
Facsimile 956-380-0407
State bar no. 24012525
glenn.devino@da.co.hidalgo.tx.us

**Certificate of Compliance**
I hereby certify that this computer-generated document has 2,593 words
_____/s/_____Glenn W. Devino
Glenn W. Devino
Assistant Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, 4th floor
Edinburg TX 78539
Telephone 956-318-2300 ext. 808
Facsimile 956-380-0407
State bar no. 24012525
glenn.devino@da.co.hidalgo.tx.us

**Certificate of Service**

I hereby certify that I have sent a true and correct copy of the foregoing Brief of Appellee to Appellant, Alejo Daniel Lugo, which Brief is electronically filed, by serving Appellant therewith through the electronic filing manager to his attorney, Johnathan Ball, on this the 28th day of October, 2015.

                    /s/          Glenn W. Devino
                    Glenn W. Devino
                    Assistant Criminal District Attorney
                    Hidalgo County, Texas
                    100 N. Closner, 4th floor
                    Edinburg TX 78539
                    Telephone 956-318-2300 ext. 808
                    Facsimile 956-380-0407
                    State bar no. 24012525
                    glenn.devino@da.co.hidalgo.tx.us