PD-1635-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2015 4:17:35 PM
Accepted 12/22/2015 4:26:45 PM
ABEL ACOSTA
CLERK

IN THE

COURT OF CRIMINAL APPEALS OF

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

December 22, 2015

ABEL ACOSTA, CLERK

JACOBY TELLES MARISCAL, PETITIONER

vs.

STATE OF TEXAS, APPELLEE

APPEAL OF JUDGMENT IN CAUSE NO. CR-5069-10-F

FROM THE 332ND JUDICIAL DISTRICT COURT

HIDALGO COUNTY, TEXAS

(Hon. Mario E. Ramirez, Jr., Judge Presiding)

FRIST AMENDED PETITION FOR DISCRETIONARY REVIEW

FROM THE THIRTEENTH COURT OF
APPEALS FOR THE STATE OF TEXAS

L. ARON PENA
600 SOUTH CLOSNER
EDINBURG, TEXAS    78539
SB# 15739000

ATTORNEY FOR APPELLANT
*E-Mail: jericiii@aol.com*

TABLE OF CONTENTS

SECTION TITLE:                                          PAGE:

INDEX . . . . . . . . . . . . . . . . . . . .  i.

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . .  ii.

STATEMENT ON ORAL ARGUMENT . . . . . . . . . . .  1.

STATEMENT OF THE CASE . . . . . . . . . . . . . .  2.

PROCEDURAL HISTORY . . . . . . . . . . . . . . .  3.

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . .  4.

ARGUMENT. . . . . . . . . . . . . . . . . . . . .  5.

PRAYER FOR RELIEF . . . . . . . . . . . . . . . .  6.

CERTIFICATE OF SERVICE. . . . . . . . . . . . . .  6

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . .  7.

APPENDIX. . . . . . . . . . . . . . . . . . . . .  8.

<u>IDENTITY OF JUDGE, PARTIES AND COUNSEL</u>

Pursuant to the Texas Rules of Appellate Procedure, Sec. 68.4 the Appellant hereby offers the identity of the Judge, Parties and Counsel to this cause of action:

I. APPELLANT (Defendant Below):

A.   JACOBY TELLES MARISCAL

B.   TRIAL COUNSEL:

Robert Capello, Jr.
106. S. 12th St.
Edinburg, Texas 78539

C.   APPEAL

L. Aron Pena
600 South Closner
Edinburg, Texas  78539

II. APPELLEE (Plaintiff Below): State of Texas

A.   TRIAL COUNSEL:

Mr. Hector Hernandez
Office of District Attorney
100 N. Closner
Edinburg, Texas  78539

B.   Mr. Ricardo Rodriguez
Hidalgo County District Attorney
100 N. Closner
Edinburg, Texas  78539

Presiding Judge:
III.   HON. MARIO E. RAMIREZ, JR.

# I. STATEMENT ON ORAL ARGUMENT

Petitioner does believe that oral argument would not be necessary as the Opinion of the Court of Appeals and the written appellate argument would adequately provide the basis for possible discretionary review.

## II. STATEMENT OF THE CASE

Petitioner-Defendant suffered a quick hearing for revocation of a deferred probation, and received an eight-year sentence. The trial court found the defendant had violated some of the conditions of his community supervision. Counsel for Defendant had just been appointed by the court that same day only minutes before the evidentiary hearing.

## III. PROCEDURAL HISTORY

Defendant had originally plead guilty to the offense of sexual assault, admitting he had engaged in consensual sex with his 16-year old girlfriend. He had been placed on a 5-year deferred probation on January 21, 2011.

## IV. GROUNDS FOR REVIEW

Petitioner respectfully submits that he did not have the minimum statutory time to prepare, nor did he have effective assistance of counsel. The lengthy opinion of the Court of Appeals itself demonstrates the many instances where counsel for Defendant did not interpose any objections or ask for any preparation time.

## V. ARGUMENT

As stated above the Opinion of the Court of Appeals itself indicates the many instances where the defendant was prejudiced with objectionable evidence. The Code does prescribe the time the trial court must provide defendant and his Counsel for preparation, following the State's Motion to Revoke. <u>(Ann. art. 1.051, TX.C.C.Pro)</u>.

The Opinion does conclude that although Counsel did not move for clarification of alleged violations, there were some violations which did not require specifity, and therefore Defendant was not harmed. The standard test does normally require adverse effect on rights of the accused. However, harm-analysis should not be required when constitutional rights such as these are clearly violated. Nonetheless, other alleged violations, none of which were specified by the trial court, were minor and should not have warranted the harsh sentence imposed after the defendant had survived several years of his probationary term.

## VI. Prayer

Wherefore, Petitioner prays that this Court grant discretionary review and upon final hearing the case be remanded for further proceedings.

Respectfully submitted,

by: _____

L. ARON PENA
SB# 15739000
LAW OFFICES OF L. ARON EPNA
600 SOUTH CLOSNER
EDINBURG, TEXAS 78539
956-383-5311
956-380-2722(FAX)
jericiii@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant's Brief was mailed to Mr. Hector Hernandez by U.S. Mail, postage pre-paid, to the Office of District Attorney, 100 N. Closner, Edinburg, Texas, 78539 on this 2/21 day of December, 2015.

_____
L. ARON PENA
Attorney for Appellant

6.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(1)(3), I hereby certify that this brief contains   896.   This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface.   In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

L. ARON PENA
Attorney for Appellant

APPENDIX

(JUDGMENT OF COURT OF APPEALS)



## NUMBER 13-15-00111-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JAKOBY TELLES MARISCAL,                                              Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Jakoby Telles Mariscal was indicted for sexual assault.  *See* TEX. PENAL CODE ANN. § 20.011(a)(1) (West, Westlaw through 2015 R.S.).  The trial court placed Mariscal on deferred adjudication for five years.  Following the revocation hearing on the State's motion for adjudication of guilt, the trial court found all allegations to be true,

adjudicated Mariscal guilty, and imposed a sentence of eight years' imprisonment. Mariscal filed no motion for new trial. This appeal followed.

By five issues, Mariscal contends: (1) trial counsel provided ineffective assistance; (2) the trial court erred when it held a revocation hearing without allowing time for the defense to prepare; (3) the prosecutor's conduct in closing was improper; (4) the evidence did not support the State's allegations; and (5) extraneous evidence was wrongfully presented. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Mariscal contends that he received ineffective assistance of counsel at the revocation hearing. Mariscal claims that trial counsel was ineffective when he failed to: (1) move for clarification of the State's allegations against Mariscal; (2) object to "all inadmissible prejudicial evidence"; and (3) "ask for more time for preparation."

### A. Applicable Law

*Strickland v. Washington* sets forth the standard with which we review claims of ineffective assistance of counsel. 466 U.S. 668, 688 (1984); *see Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc); *Cueva v. State*, 339 S.W.3d 839, 848 (Tex. App.—Corpus Christi 2011, pet. ref'd). In order to decide whether Mariscal's trial counsel rendered ineffective assistance, we must first determine whether Mariscal has shown counsel's representation, viewed at the time of counsel's conduct, fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688, 690; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). If deficient, we must then determine

2

whether there is a reasonable probability that the result would have been different but for counsel's errors. *See Strickland*, 466 U.S. at 691–94. This standard applies to the punishment phase as well as to the guilt-innocence stage of criminal proceedings. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc).

## B.    Discussion

### 1.    Failure to File a Motion to Clarify the State's Allegations

Mariscal argues that counsel was ineffective because he did not object to "[m]any of the alleged violations" that "were obviously vague, i.e. 'failed to obey all rules and regulations of the Department.' At no time did counsel move for clarification of the charges."

The State's motion for adjudication of guilt alleged that Mariscal violated the following terms and conditions of his deferred adjudication:

Condition <u>2</u>:    Defendant has failed to avoid the use or abuse of injurious or vicious habits to wit:    <u>Defendant tested positive for Marijuana</u> tested on <u>7-11-14; 4-22-13; 5-9-11, and 1-24-11.</u>

Condition <u>3</u>:    Has failed to avoid persons or places of disreputable or harmful character, to wit:    [Defendant has been able to obtain illegal drugs (Marijuana) from friends or unknown persons].

Condition <u>4</u>:    Has failed to obey all rules and regulation[s] of the Hidalgo County Community Supervision and Corrections Department, to-wit:    [Defendant unable to follow instructions with conditions].

Condition <u>6</u>:    Has failed to work faithfully at suitable employment.

Condition <u>12</u>: Has gone in, on, or within 1000 feet of a a [sic] premises where children commonly gather, to wit:    [Defendant provided Affidavit to Hidalgo County Investigator J.L. Garza admitting that on 10-29-14 he went into a swimming pool

3

where kids commonly gather. Defendant was also within the premises of a playground area. Both swimming pool and playground area were within 50 feet of each other].

Condition <u>15</u>: Has not paid SEX OFFENDER FEE of $<u>5.00</u> and is delinquent in the sum of $<u>178.00</u>.

Condition <u>21</u>: Has not paid SEX OFFENDER TREATMENT FEE of $<u>20.00</u> and is delinquent in the the [sic] sum of $<u>680.00</u>.

Condition <u>22</u>: Has not paid the FINE as ordered and is delinquent in the sum of $<u>395.00</u>.

Condition <u>26</u>: Has not paid the MONTHLY COMMUNITY SUPERVISION FEE as ordered and is delinquent in the sum of $<u>1794.00</u>.

Condition <u>28</u>: Has failed to work <u>125</u> hours at a community service project(s) for an organization(s) approved by the Judge and designated by the Hidalgo County Community Supervision and Corrections Department, as directed.

Mariscal specifically complains of his counsel's failure to seek clarification of his alleged violation of Condition 4—that he failed to follow the Department's rules and regulations. But even assuming that the State's Condition 4 allegation was so vague that counsel's failure to seek its clarification constituted deficient performance that satisfied *Strickland*'s first prong, we cannot conclude that Mariscal has satisfied *Strickland*'s second prong. *See Strickland*, 466 U.S. at 688, 690–94. Our review of the alleged violations of the nine remaining terms and conditions of Mariscal's community supervision reveals that none needed clarification. And with those alleged violations clearly before the trial court, Mariscal made no showing that there was a reasonable probability that the outcome would have been different but for counsel's alleged deficient performance, *see id.*, because any violation, if proven, would have been sufficient to support the revocation of his community supervision. *See Sanchez*, 603 S.W.2d at 871.

4

## 2. Failure to Object to Prejudicial Evidence and Ask for Preparation Time

Mariscal also complains that his counsel provided ineffective assistance because "[n]ever was an objection lodged for all inadmissible prejudicial evidence" and because "[c]ounsel should have at least asked for more time for preparation." Without more, including citation to the record or to authority, we conclude that these arguments, which we have set out in full, are inadequately briefed.[1]  *See* TEX. R. APP. P. 38.1(i).

## C. Summary

Having concluded that Mariscal either did not satisfy *Strickland* on his claims of ineffective assistance of counsel or did not adequately brief his arguments, we overrule the first issue.

## II. PREPARATION FOR REVOCATION HEARING

By his second issue, Mariscal contends that the trial court erred when it did not allow his appointed counsel ten days to prepare for the revocation hearing. He argues that "[i]t was clearly [error] to require [Mariscal] to answer to the State's [m]otion, particularly with an attorney who had just minutes before been appointed to represent him." Mariscal argues that "[t]he record demonstrate[s] the difficulty counsel had in doing his job" and that he was harmed when counsel failed to object, arguably because he was not prepared, and when he received a sentence of eight years, which "is an onerous [sentence] when the alleged violations involved non-payment of fees, visiting an

---

[1] Mariscal ends his argument with citations to *Marshall v. Rodgers* and *Pecina v. State. See Marshall*, 133 S. Ct. 1446 (2013) (per curiam); *Pecina*, 361 S.W.3d 68 (Tex. Crim. App. 2012). Because *Marshall* and *Pecina* address only a criminal defendant's right to counsel, they provide no support for Mariscal's ineffective-assistance-of-counsel arguments.

5

apartment swimming pool with his family, testing [positive] for marihuana, etc."[2] The State concedes the trial court erred in proceeding on the day it appointed counsel absent proper waiver by Mariscal, but it argues that the error did not harm Mariscal. We agree with the State.

## A.    Applicable Law and Standard of Review

Article 1.051 of the Texas Code of Criminal Procedure entitles an appointed attorney ten days to prepare for a proceeding, unless counsel waives this period with the consent of the accused. TEX. CODE CRIM. PROC. ANN. art. 1.051 (West, Westlaw through 2015 R.S.). The term "proceeding" clearly encompasses an adjudication hearing. *See Salazar v. State*, 5 S.W.3d 814, 815 (Tex. App.—San Antonio 1999, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(c).

Any error regarding the preparation time set out in article 1.051 is subject to the "adverse effect on substantial rights" test under Texas Rule of Appellate Procedure 44.2(b). *See Rivera v. State*, 123 S.W.3d 21, 32 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (holding that a violation of the article 1.051(e) requirement that appointed counsel have ten days of preparation time prior to trial is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure); *see also* TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights

---

[2] Mariscal relies on *Lujan v. State*. *See* 419 S.W.3d 407, 412–13 (Tex. App.—El Paso 2011, pet. ref'd). The *Lujan* Court concluded that the trial court erred when it adjourned the punishment phase of the probation revocation hearing without allowing the defendant to call his mitigation witnesses. *Id.* Finding error, the El Paso Court resolved the issue by determining that the error did not harm the defendant because he offered neither evidence nor a reason for why the witnesses were not in attendance at the revocation hearing and because the trial court granted an evidentiary hearing on his motion for new trial where the defendant had an opportunity to have all witnesses testify at that hearing. *See id.* In this regard, we cannot conclude that *Lujan* supports Mariscal's lack-of-preparation argument.

6

must be disregarded."). In the context of wrongful denial of a continuance for additional preparation time, the Texas Court of Criminal Appeals has held that establishing entitlement to reversal requires showing "[w]ith considerable specificity how the defendant was harmed by the absence of more preparation time. . . ." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010).

## B.    Discussion

On the day of the hearing, the trial court appointed counsel for Mariscal. Counsel asked the court if he could "see if [he could] work it out this morning." After recessing for fifteen minutes to allow counsel to confer with Mariscal, counsel advised the court that, "[Mariscal] is refusing any type of plea-bargain recommendation. We'll probably need a short hearing on it." After a second recess—the duration of which is not reflected in the record—, the trial court inquired of counsel, "[A]re you ready to go?" Counsel answered in the affirmative.

There is no written waiver of the ten-day preparation period in the record, and the transcript of the hearing does not reflect Mariscal's consent in open court to any such waiver. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051. Thus, as the State concedes, in the absence of a proper waiver by Mariscal, the trial court erred in proceeding with the hearing on the day it appointed counsel. *See id.*; *see also Gonzales*, 304 S.W.3d at 842–43. Yet we cannot conclude that the error had an adverse effect on Mariscal's substantial rights. *See Rivera*, 123 S.W.3d at 32.

The State's allegations—marijuana use, association with persons from whom he obtained the marijuana, failure to follow community-supervision instructions, failure to

7

work at obtaining suitable employment, failure to stay away from child safety zones, and failure to pay fees or complete community service hours—did not require extensive investigation to determine the facts. From our review of the record, it is apparent that counsel and Mariscal discussed the State's plea offer because counsel informed the court that Mariscal rejected the offer. We note that counsel asked questions and made comments at the hearing that reflected he and Mariscal had discussed the State's violation allegations. Mariscal informed counsel and the trial court that he had violated the terms of his community supervision. And at the hearing, Mariscal explained to the trial court his reasons for doing so and his desire for a second chance. And although Mariscal now argues that counsel's failure to object shows that he was not prepared, he provides no record citations to substantiate his contentions that his "counsel was obviously confused and did not know how to proceed." From our review of the record, we find nothing to support this contention. Instead, counsel attempted to defend Mariscal. But during the defense's opening statement, Mariscal, rather than his counsel, addressed the trial court. Likewise, at closing, counsel began his argument, but after less than two full sentences, Mariscal presented the closing argument. Finally, during his direct examination, instead of answering questions propounded by counsel, Mariscal chose to offer a dialogue with the court, a monologue, or even a narrative of his testimony.

## C.     Summary

Based on the above, we conclude that Mariscal has not established his entitlement to reversal. He has not shown with considerable specificity how he was harmed by the absence of additional preparation time. *See Gonzales*, 304 S.W.3d at 842. Mariscal

8

made no showing that insufficient time for his counsel to prepare the case had an adverse effect on any substantial right. *See Rivera*, 123 S.W.3d at 32. So we must disregard the trial court's error in failing to allow counsel ten days' preparation time. *See* TEX. R. APP. P. 44.2(b); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051. We overrule Mariscal's second issue.

### III. PROSECUTORIAL MISCONDUCT

By his third issue, Mariscal contends that the prosecutor improperly misled the trial court during the final summation. He appears to claim that the prosecutor's statement of "I believe it was a 14 or 15 year old girl" who Mariscal assaulted was not correct. According to Mariscal, the girl was sixteen at the time. However, "[t]he proper method of preserving error in cases of prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial." *Hajjar v. State*, 176 S.W.3d 554, 565–67 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (citing *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (en banc) (per curiam); *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (en banc)). In this case, Mariscal did not object to any error based on prosecutorial misconduct. By failing to object on this basis at the revocation hearing, Mariscal has preserved nothing for our review. *See Perkins v. State*, 902 S.W.2d 88, 96 (Tex. App.—El Paso 1995, writ ref'd). We overrule Mariscal's third issue.

### IV. SUFFICIENCY OF THE EVIDENCE

In the fourth issue, Mariscal complains that the evidence presented did not support the State's allegations that he violated Conditions 12, 15, 21, 22, and 26, which were

9

conditions related to the "swimming pool incident" and "fines and fees." Mariscal does not challenge the sufficiency of the evidence to support Conditions 2 (vicious habits), 3 (disreputable persons or places), 4 (department rules), 6 (employment), or 28 (community service).

## A. Applicable Law and Standard of Review

In a challenge to the sufficiency of the evidence to support a revocation of community supervision, the abuse-of-discretion standard of appellate review is to be applied. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion by revoking probation when the State has failed to prove a violation by a preponderance of the evidence. *Id.* at 864–65. "In a probation revocation hearing, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that the condition of probation has been violated." *Andrada v. State*, 695 S.W.2d 230, 235 (Tex. App.—Corpus Christi 1985, no pet.). In determining whether the trial court abused its discretion in revoking community supervision, the evidence should be viewed in the light most favorable to the trial court's findings and ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981) (citing *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979)). A single violation is sufficient to support revocation. *Sanchez*, 603 S.W.2d at 871.

## B. Discussion

### 1. Unchallenged Violations

Because Mariscal does not challenge the sufficiency of the evidence to support the remaining five alleged violations of the terms and conditions of his community

10

supervision, we conclude that the revocation of his probation is supported. *See Andrada*, 695 S.W.2d at 235. Our review of the record reveals testimony from either Mariscal or his supervising probation officer Sarah Cervantes that Mariscal tested positive for marijuana, was around others who used illegal drugs and provided them to him, failed to obey rules and regulations, failed to work faithfully at suitable employment, and failed to perform community service. *See id.* And, as set out above, a single violation is sufficient to support revocation. *See Sanchez*, 603 S.W.2d at 871.

### 2. Challenged Violations

Furthermore, even as to the challenged violations, there is sufficient evidence to support the trial court's revocation of Mariscal's community supervision. *See Andrada*, 695 S.W.2d at 235.

### a. Presence at a Swimming Pool

In support of the State's allegation that Mariscal violated the requirement to avoid premises where children tend to gather, Cervantes testified that law-enforcement officials reported Mariscal's presence at an apartment complex's swimming pool. According to the report, in October of 2014 Mariscal "was hanging around in a swimming pool . . . of a complex area." Cervantes also testified that "the deputy found out that it was not just a one time [sic] that [Mariscal] would go to the swimming pool area, it was several times." She explained that as part of this investigation, Mariscal "signed an affidavit stating that he was not in the swimming pool harassing a 14 year old, but that he was just going to the swimming pool with his wife and kids." According to Cervantes, by signing the affidavit, Mariscal "plac[ed] himself at the swimming pool" and "violated the child safety

11

zones." And Cervantes agreed that she had informed Mariscal that he was to stay away from such places.

### b. Fines and Fees

Testimony also substantiated the State's allegations regarding Mariscal's non-payment of fines and fees. Mariscal testified that, "I mean, I try my best. I pay 10, 20, $30.00 here and there for probation. And I know it's not much, but I am doing the best that I can. I am trying to comply." We note that Texas law provides that a revocation of community supervision based solely on alleged failure of a probationer to pay supervision fees, court costs, or attorney fees as ordered cannot stand unless proof is adduced that the defendant was able to pay but did not do so. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West, Westlaw through 2015 R.S.). Failure-to-pay violations were not, however, the sole grounds asserted in the State's motion to adjudicate. But even setting aside these violations, the existence of other established violations constitutes an adequate basis for the ruling of the trial court. *See Sanchez*, 603 S.W.2d at 869.

### C. Summary

We conclude that the State satisfied its burden by establishing the asserted violations by a preponderance of the evidence, *see Hacker*, 389 S.W.3d at 864–65; *Andrada*, 695 S.W.2d at 235, any one of which would have supported the revocation. *See Sanchez*, 603 S.W.2d at 871. Viewing the evidence in the light most favorable to the trial court's findings and ruling, we conclude that the trial court did not abuse its discretion in revoking Mariscal's community supervision. *See Garrett*, 619 S.W.2d at 174 (citing *Jones*, 589 S.W.2d at 421). We overrule Mariscal's sufficiency-of-the-

12

evidence issue.

## V.   ADMISSION OF EVIDENCE OF EXTRANEOUS ACTS

By his fifth and final issue, Mariscal contends that "extraneous evidence [of his cocaine usage] was wrongfully presented on allegations not made in [the] State's motion" and caused "great prejudice upon the verdict and the punishment." To preserve error in the admission of extraneous offenses, the defendant must first timely object and, optimally, should object that the evidence is inadmissible under rule 404(b) of the Texas Rules of Evidence. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (en banc) (op. on reh'g). Here, Mariscal did not object to this evidence during the revocation hearing and, thus, has not preserved this issue for our review. *See id.* We overrule Mariscal's fifth issue.

## VI.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of November, 2015.

13